Filed 6/25/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DANIEL AARON CONTRERAS,<br><br>　　　Defendant and Appellant. | H040903<br><br>(Monterey County<br>　Super. Ct. Nos. SS140496A &<br>　SS140498A)<br><br><br>**ORDER MODIFYING OPINION**<br><br>**NO CHANGE IN THE JUDGMENT** |

It is ordered that the opinion filed herein on June 16, 2015, be modified as follows:

On page 14, in the first full paragraph, delete the following:

> *People v. Moran* (Dec. 16, 2013, H039330) [nonpub. opn.], review granted March 26, 2014, S215914 [Issue presented: 'Was the condition of probation barring defendant from all Home Depot stores and their parking lots after he was convicted of shoplifting at a single Home Depot store unconstitutionally overbroad as impinging on his constitutional right to travel?'].

and replace it with:

> *People v. Moran*, review granted March 26, 2014, S215914 (probation condition that prohibits the probationer from entering all Home Depot stores and their parking lots).

There is no change in the judgment.

Dated:_____         _____
                                       Márquez, J.


                                       _____
                                       Rushing, P. J.


                                       _____
                                       Grover, J.

Filed 6/16/15 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040903 |
| Plaintiff and Respondent, | (Monterey County |
| v. | Super. Ct. Nos. SS140496A & SS140498A) |
| DANIEL AARON CONTRERAS, | |
| Defendant and Appellant. | |

In January 2014, while being investigated for stealing money from a coworker's purse, officers found heroin on defendant Daniel Aaron Contreras' person. Shortly thereafter, in February 2014, defendant stole seven pairs of jeans from a retail store. Defendant was subsequently charged in two different felony complaints with one felony count of possession of heroin (Health & Saf. Code, § 11350) and one felony count of second degree burglary (Pen. Code, §§ 459, 461). (All further undesignated statutory references are to the Penal Code.) Defendant pleaded no contest to both offenses. At the time of the offenses, defendant was on misdemeanor probation for two prior second degree burglary convictions arising out of thefts from retail stores in December 2012 and January 2013.

At sentencing, the court suspended imposition of sentence and granted three years' probation in both of the felony cases, including four days in county jail as a condition of probation. The court also found that as a result of the new felony offenses, defendant had violated his probation in the misdemeanor cases. The court revoked probation in the

misdemeanor cases and imposed consecutive jail sentences of 720 days (360 days in each case), for a total of 724 days for all four cases.

In this appeal, defendant challenges two of the conditions of his felony probation. First, he asserts that a probation condition requiring him to stay out of all Kohl's stores is (1) unconstitutionally overbroad because it is not closely tailored to his rehabilitation and it restricts his constitutional right to travel, and (2) vague because it fails to require that he knowingly stay away from all Kohl's stores. We conclude the condition is not unconstitutionally infirm, but we note that the minute order does not accurately state the condition as imposed by the court in its oral pronouncement at sentencing. We will direct the clerk of the court to correct the minute order.

Second, defendant argues that a condition prohibiting possession of, use of, or access to a police scanner or surveillance equipment is unconstitutionally vague and overbroad because the term "surveillance equipment" is vague and may include electronic devices like tablet computers that can be used for purposes other than monitoring law enforcement. Defendant also argues the condition is vague because it does not include a knowledge requirement. The Attorney General does not object to the addition of a knowledge requirement. We agree with defendant, in part, and will hold that the condition is vague and overbroad because it does not provide sufficient notice of what items are prohibited. We will therefore remand this matter to the trial court to fashion an appropriate condition in light of the views expressed herein.

In addition, defendant argues that Proposition 47—which could reduce defendant's felony offenses to misdemeanors—requires *this court* to designate his eligible offenses as misdemeanors. He also asks this court to remand this matter for resentencing because his case was not final when Proposition 47 took effect. The Attorney General argues that defendant must first file a petition to recall his sentence in the trial court (§ 1170.18). We will judicially notice the facts that (1) defendant filed petitions for recall of his sentence in the trial court, (2) the trial court denied at least one

2

of those petitions, and (3) defendant has separately appealed the trial court's order on the petitions. Since the Proposition 47 questions relate to matters that occurred after the judgment in this case, are not included in the appellate record, and are the subject of another appeal, we conclude they are not properly before us in this case.

We will reverse the judgment and remand this matter to the trial court to modify the probation condition relating to police scanners and surveillance equipment. We will also direct the clerk of the court to correct the minute order.

## FACTS

Because defendant entered his pleas prior to the date set for the preliminary hearing, the following facts are based on the probation report.

### I. Case No. SS140496A (the Felony Drug Possession Conviction)

In January 2014, defendant was working at a Taco Bell restaurant in Salinas, California. On January 3, 2014, defendant's coworker, Dalia Rojas, placed her purse under a cash register at the start of her shift. When she picked up her purse later that day, she noticed $40 was missing. The next day, the restaurant manager allowed Rojas to review the restaurant's security camera footage to determine whether someone in the restaurant had taken the money. The footage revealed that defendant had stolen the money from Rojas's purse.

On January 8, 2014, Salinas police officers came to the restaurant to investigate the incident. They spoke with defendant who initially said he did not know what happened to the money, but later confessed to taking it. First, he said he was having money problems. Then he told the officers he was addicted to heroin and "sometimes needed heroin to 'stay healthy.' " He said he used small doses of the drug to stave off painful withdrawal symptoms. The officers searched defendant and found 0.2 grams of heroin on his person.

3

## II. Case No. SS140498A (the Felony Burglary Conviction)

On February 25, 2014, at approximately 8:30 p.m., two loss prevention agents at the Sears store at the Northridge Mall in Salinas (hereafter "Agent 1," "Agent 2," and jointly "Agents") were monitoring activity in the store on surveillance equipment in their office. The Agents saw defendant enter the store, select seven pairs of men's jeans, fold them, and place them on the sales floor. They then saw Defendant step out of the store and wave to a passing car. Agent 1 stepped out of the loss prevention office to see what was happening on the sales floor. Both Agents saw defendant return to the store, grab all seven pairs of jeans, and exit the store running. Agent 1 ran outside and chased defendant. During the chase, defendant dropped the jeans. As defendant approached a gray car, Agent 1 tackled him. As Agent 1 started to handcuff defendant, two men got out of the gray car and punched Agent 1 in the head. One of the men put Agent 1 in a headlock, which allowed defendant to evade Agent 1's grasp.

Agent 2 arrived and saw one of defendant' associates pull out a knife. Agent 2 told Agent 1 to disengage from defendant and his group, which he did. Defendant and his associates got into the gray car and left. Agent 1's injuries included a laceration on his right hand, a bump on his head, and a sore jaw.

When police officers met with defendant three days later as part of their investigation, defendant admitted taking the jeans. Defendant told the officers he had a drug problem, and as a result he "also had a problem impulsively stealing things."

## III.    Defendant's Prior Misdemeanor Convictions and Grants of Probation

At the time of his January 2014 and February 2014 offenses, defendant was 20 years old and was on probation for two prior misdemeanor second degree burglary convictions. One of his misdemeanor convictions was based on a theft in December 2012 from the same Sears store at the Northridge Mall in Salinas where the felony

4

burglary occurred in February 2014. The other prior misdemeanor conviction appears to be based on a theft from the Macy's store in Monterey in January 2013. Defendant was granted probation in both cases on January 30, 2013. In May 2013, defendant violated his probation when he committed a theft from the Kohl's store in Marina. The conditions of defendant's prior grants of probation included orders that he stay away from the Kohl's store in Marina and the entire Northridge Mall.

**PROCEDURAL HISTORY**

### I. Charges and Plea

On March 3, 2014, the prosecution filed two complaints. In case No. SS140496A, the prosecution charged defendant with one count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a), a felony) and one count of petty theft (§ 484, subd. (a), a misdemeanor) arising out of the theft from Rojas's purse and defendant's possession of heroin at the time of his arrest at Taco Bell in January 2014. We shall hereafter refer to this case as the "drug possession case."

In case No. SS140498A, the prosecution charged defendant with one count of second degree burglary (§ 459, a felony) and one count of assault with a deadly weapon, a knife, (§ 245, subd. (a)(1), a felony) arising out of the incidents at Sears in February 2014. We shall hereafter refer to this case as the "felony burglary case."

Defendant initially pleaded not guilty to all charges and both cases were set for preliminary hearing on March 14, 2014. But on March 12, 2014, the parties entered into a negotiated disposition. Defendant pleaded no contest to: (1) felony possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) in the drug possession case, and (2) felony second degree burglary (§ 459) in the felony burglary case. Defendant agreed to this negotiated plea on the condition he be granted felony probation. The parties also agreed that the remaining counts would be dismissed at sentencing.

5

## II. Probation Report

Defendant provided the probation officer with little information about his background and history. He told the probation officer he wanted the court and the victims to know that he was "truly sorry and remorseful." He said he had a "serious drug addiction." Acknowledging that he deserved substantial jail time, defendant said he would be better served by a residential drug treatment program.

The probation officer reported that in addition to his prior misdemeanor burglary convictions, defendant had several juvenile adjudications (Welf. & Inst. Code, § 602) at age 14 arising out of three incidents, including findings that he engaged in conduct that, if committed by an adult, would constitute vandalism (§ 594, subd. (a)), fighting (§ 415), assault with a deadly weapon (§ 245, subd. (a)(1)), trespass to land (Salinas City Code, § 21-35), and occupying a structure without the owner's permission (§ 602, subd. (m)).

Defendant did not admit a gang affiliation to the probation officer. But the probation officer reported that (1) jail records from an arrest in August 2012 listed defendant as an "admitted Norteño criminal street gang member," and (2) in 2014, defendant was housed in a unit that was used to house active Norteño gang members. (The record does not state what the August 2012 arrest was for; that arrest does not appear to have led to a conviction.)

The probation officer recommended the court: (1) suspend imposition of sentence and grant probation in both the drug possession and felony burglary cases; (2) impose several conditions of probation, including certain gang conditions; and (3) revoke and then reinstate probation in the two prior misdemeanor burglary cases.

## III. Sentencing

At the sentencing hearing on April 8, 2014, the court sentenced defendant in the drug possession and felony burglary cases—which are the subjects of this appeal—and

6

imposed sentence in the two prior misdemeanor burglary cases based on violations of probation resulting from defendant's new felony convictions. Defense counsel objected to several of the conditions of probation proposed in the probation report, including the proposed gang conditions, arguing there was no evidence the new crimes were gang-related. The court sustained some objections, but disagreed regarding the gang conditions.

In both the drug possession case and the felony burglary case, the court suspended imposition of sentence, granted three years formal probation, and ordered defendant to serve four days in county jail in as a condition of probation. As for the two prior misdemeanor burglary convictions, the court revoked defendant's probation in both cases and sentenced him to 360 days in county jail in each case (720 days total for the misdemeanor cases), consecutive to his other sentences.

As a condition of probation in both felony cases, the court ordered defendant not to "have access to, use or possess any police scanner device or surveillance equipment on [his] person, vehicle, place of residence, or personal effects."

As a conditions of his probation in the felony burglary case, the court initially, ordered defendant to "stay away[,] 25 yards at least[,] from the Sears" store at Northridge Mall. But the court later observed that defendant had been subject to two stay away orders while on probation in the misdemeanor burglary cases, including orders to stay away from (1) the Kohl's store in Marina, which was based on his May 2013 probation violation; and (2) the "complete" Northridge Mall. The court decided to "transfer" the stay-away-from-Kohl's condition from defendant's misdemeanor probation to his grant of probation in the felony burglary case. And to "make it clear," the court ordered defendant to "stay out of all Kohl['s] and all Sears stores" and to stay 25 yards away from the Sears store at Northridge Mall. The court elected not to transfer the condition that required defendant to stay completely away from the Northridge Mall. In its written

7

minute order, the court directed defendant to "[s]tay away at least 25 yards from the Sears in Northridge Mall of Salinas, CA and all Kohl's stores."

On April 8, 2014, the same day he was sentenced, defendant filed a notice of appeal from the judgments in the felony burglary and drug possession cases.

### IV. *Petitions for Recall of Sentence*

The following facts are based on a separate notice of appeal defendant filed in the superior court on January 8, 2015, and documents attached thereto. Defendant's new appeal has been assigned case No. H042204 in this court. On our own motion, we take judicial notice of the notice of appeal in case No. H042204 and the court documents attached thereto. (Evid. Code, §§ 452, subd. (d), 459.)

On December 11, 2014, eight months after he was granted probation, defendant filed petitions for recall of sentence and resentencing pursuant to section 1170.18, subdivision (a)—which was added by Proposition 47—in both the felony burglary and the drug possession cases. The trial court held a hearing on the petition in the drug possession case on December 31, 2014. The prosecution argued that defendant was not eligible for section 1170.18 relief because his cases were pending on appeal and he was not currently serving a sentence. The trial court denied the recall petition in the drug possession case. According to information we received from the superior court, the court continued the hearing on the recall petition in the felony burglary case to April 23, 2015. In January 2015, defendant filed a notice of appeal from the trial court's December 31, 2014 order in the drug possession case. The notice of appeal bears the case numbers from both the drug possession case and the felony burglary case.

### DISCUSSION

Defendant contends the probation condition requiring him to stay out of all Kohl's stores is (1) unconstitutionally overbroad because it is not closely tailored to his

8

rehabilitation and it restricts his constitutional right to travel, and (2) vague because it fails to require that he knowingly stay away from all Kohl's stores. In his reply brief, defendant also asserts that this condition is unreasonable under the test in *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).

Defendant also argues that the probation condition prohibiting him from possessing or having access to a police scanner or surveillance equipment is unconstitutionally vague and overbroad because the term "surveillance equipment" is vague and the condition does not include a knowledge requirement. The Attorney General does not object to the addition of a knowledge requirement.

Finally, defendant argues that under Proposition 47, this court should reduce his felony convictions to misdemeanors and remand this case to the trial court for resentencing.

## I. *General Principles Regarding Probation Conditions*

" 'Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation. [Citations.] The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions. [Citations.] The primary goal of probation is to ensure "[t]he safety of the public . . . through the enforcement of court-ordered conditions of probation." (. . . § 1202.7.)' [Citation.] Accordingly, the Legislature has empowered the court, in making a probation determination, to impose any 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . .' (. . . § 1203.1, subd. (j).) Although the trial court's discretion is broad in this regard, [the California Supreme Court has] held that a condition of probation must serve a purpose

9

specified in . . . section 1203.1. [Citation.] If a defendant believes the conditions of probation are more onerous than the potential sentence, he or she may refuse probation and choose to serve the sentence. [Citation.] Additionally, at the sentencing hearing, a defendant can seek clarification or modification of a condition of probation. [Citations.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).)

In most cases, we review conditions of probation for abuse of discretion. (*Olguin*, *supra*, 45 Cal.4th at p. 379.) "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' " (*Id.* at p. 379, quoting *Lent*, *supra*, 15 Cal.3d at p. 486.) The *Lent* test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a condition of probation. (*Lent*, at p. 486, fn. 1.) "As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*Olguin*, at pp. 379-380.)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Olguin*, *supra*, 45 Cal.4th at p. 384, quoting *In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) On the other hand, probation is a privilege and not a right, and adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights. (*Olguin*, at p. 384.) For example, probationers may agree to warrantless search conditions or restrictions on their constitutional right of association. (*Id.* at pp. 384, 385, fn. 4, citing *People v. Ramos* (2004) 34 Cal.4th 494, 506; *People v. Medina* (2007) 158 Cal.App.4th 1571, 1580 ["a suspicionless search pursuant to a probation search condition is not prohibited by the Fourth Amendment"]; *People v. Balestra* (1999) 76 Cal.App.4th 57, 68-

10

69 [upholding a probation condition requiring submission to alcohol and drug testing at the discretion of the probation officer]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 624, 628-629 [upholding condition prohibiting association with known gang members; "a probation condition may impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens' "]; *People v. Peck* (1996) 52 Cal.App.4th 351, 363 [condition prohibiting association with known possessors, users, or traffickers of controlled substances]; and other cases.)

Defendant did not object to either of the probation conditions at issue in the trial court. But a claim that a probation condition is unconstitutionally overbroad may be reviewed on appeal without objection in the trial court if it is capable of correction without reference to the particular sentencing record in the trial court. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 878-879, 888-889.)

## II. *Probation Condition Requiring Defendant to Stay Out of All Kohl's Stores*

Defendant contends the probation condition requiring him to stay out of all Kohl's stores (hereafter the "Kohl's condition") is "unconstitutionally overbroad because it is not closely tailored to his rehabilitation" and "restricts [his] access to many shopping malls and areas, thereby impermissibly limiting his right to travel as protected by our state and federal constitutions." He also asserts the Kohl's condition is "vague because it fails to require that he knowingly stay away from Kohl's stores." He urges this court to strike the Kohl's condition or to modify it to add a knowledge requirement.

In his opening brief, defendant raises only the overbreadth and vagueness challenges and does not assert that the Kohl's condition is unreasonable or invalid under the *Lent* test. In his reply brief, in response to the Attorney General's argument that the condition is valid under *Lent*, defendant asserts, for the first time, that it is not.

Defendant argues, alternatively, that the *Lent* test does not apply because the Kohl's condition impinges on his constitutional right to travel.

Defendant does not challenge the conditions requiring him to stay out of all Sears stores or requiring him to stay 25 yards away from the Sears store at the Northridge Mall in Salinas. Nor does he challenge the court's authority to transfer the Kohl's condition from a previous grant of probation to his probation in the felony burglary case. Because he does not raise these issues on appeal, we will not address them further, except to order a correction of the minute order as stated below.

## A. The Minute Order Must be Corrected to Reflect the Condition Imposed

In its oral pronouncement at sentencing, the court ordered defendant to "stay out of all Kohl['s] and all Sears stores" and to stay 25 yards away from the Sears store at Northridge Mall. But the signed minute order does not mention the stay-out-of-all-Sears-stores condition.

As a general rule, when there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) The California Supreme Court has also stated that "a record that is in conflict will be harmonized if possible," but if the reporter's transcript and the clerk's transcript—the minute order in this case—cannot be reconciled, we do not automatically defer to the reporter's transcript, but rather adopt the transcript that should be given greater credence under the circumstances of the particular case. (*People v. Harrison* (2005) 35 Cal.4th 208, 226, citing *People v. Smith* (1983) 33 Cal.3d 596, 599; see also *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586-587 and *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346 (*Pirali*).)

In this case, the probation officer recommended the court order defendant to stay at least 100 yards away from the Sears store at the Northridge Mall. Initially, the trial court adopted that recommendation, but reduced the distance to 25 yards. Then, after the

12

court noted that it had previously imposed other stay-away orders on defendant, it added a condition that defendant stay away from the Kohl's store in Marina. Later in the proceedings, the court modified the stay-away condition again, ordering defendant to stay out of all Kohl's stores and all Sears stores and to stay 25 yards away from the Sears store at Northridge Mall. But the court's signed minute order states: "Stay away at least 25 yards from the Sears in Northridge Mall of Salinas, CA and all Kohl's stores." It does not mention the order to stay out of all Sears stores. There is no indication the trial judge intended the signed minute order to modify or correct her oral pronouncement of the conditions of probation. And defendant does not challenge this part of the order. In the absence of any argument on this point, we will resolve this question based on the court's more inclusive oral pronouncement. We will therefore instruct the clerk to correct the minute order to reflect the condition imposed orally at the sentencing hearing.

## B. The Kohl's Condition is Reasonable Under *Lent*

As we have stated, under *Lent,* a condition of probation is valid unless it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) All three prongs must be satisfied before a reviewing court will invalidate a condition of probation. (*Lent*, at p. 486, fn. 1.)

The Kohl's condition is related to the crime for which defendant was convicted in the felony burglary case (second degree burglary of a Sears store for the purpose of committing theft). Although the conviction offense involved a different retail establishment, this was defendant's fourth commercial burglary (Sears twice, Macy's once, and Kohl's once). Although entering a Kohl's store is not conduct that is in itself criminal, forbidding defendant from entering all Kohl's stores is reasonably related to his future criminality. Shoplifting and second degree burglary are intimately related to the

13

retail function of both Kohl's and Sears, and prohibiting defendant from entering both stores was related to his future criminality because it would prevent him from victimizing these businesses further. This condition would also prevent defendant from stealing goods from one Kohl's store and then attempting to return them to another Kohl's store for cash, or applying information he learned about security at one Kohl's location to another Kohl's store. Since the Kohl's condition is valid under two prongs of the *Lent* test, we conclude the condition was reasonable and the court did not abuse its discretion when it ordered defendant to stay out of all Kohl's stores.

## C. The Kohl's Condition is Not Overbroad

We turn to the constitutional question whether the Kohl's condition is overbroad because it burdens defendant's right to travel. This issue is currently pending review by the California Supreme Court in *People v. Moran* (Dec. 16, 2013, H039330) [nonpub. opn.], review granted March 26, 2014, S215914 [Issue presented: "Was the condition of probation barring defendant from all Home Depot stores and their parking lots after he was convicted of shoplifting at a single Home Depot store unconstitutionally overbroad as impinging on his constitutional right to travel?"].

Neither the state nor the federal Constitution expressly mentions the right to travel. (*NBC Subsidiary* (*KNBC-TV*), *Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1210; *In re White* (1979) 97 Cal.App.3d 141, 148 (*In re White*).) "Despite the absence of an express guarantee, state and federal courts have recognized the right to travel as a fundamental right entitled to constitutional protection." (*Halajian v. D & B Towing* (2012) 209 Cal.App.4th 1, 11, citing *United States v. Guest* (1966) 383 U.S. 745, 757-758, and *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1096-1097.) But "[l]ike all constitutional rights[,] the right of free movement is not absolute and may be reasonably restricted in the public interest. Conditions [of probation] which infringe on constitutional rights are not automatically invalid. Certain intrusions by government

14

which would be invalid under traditional constitutional concepts may be reasonable at least to the extent that such intrusions are required by legitimate governmental demands." (*In re White*, *supra*, 97 Cal.App.3d at pp. 149-150.)

The defendant in *White*, who was convicted of soliciting an act of prostitution (§ 647, subd. (b)), challenged a condition of her probation that prohibited her from being in three designated, multi-block areas in the City of Fresno "at any time, day or night." (*In re White*, *supra*, 97 Cal.App.3d at p. 143.) The court agreed that the condition was overbroad and remanded the case to the trial court to either eliminate or revise the condition at issue. (*Id.* at pp. 150-152.) The court explained: "Unlike the direct relationship which may arguably exist in the search and seizure condition cases, there is no direct relationship between the commission of soliciting for prostitution and the exercise of the right to travel [citation]. While [the defendant's] reasonable expectations regarding association and travel have necessarily been reduced, the restriction should be regarded with skepticism. If available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used [citations]. . . . No case has been called to our attention upholding such a broad condition which completely prohibits mere presence in a geographical area *at all times* as contrasted with the prohibition of entry into selected and particularized places (such as bars, pool rooms and the like) with reasonable restrictions as to time." (*Id*. at p. 150, original italics.)

Defendant relies on *In re White* to argue that the condition "infringes on his constitutional right to travel." But unlike the condition at issue in *In re White*, the Kohl's condition does not bar defendant from entering or passing through large geographical areas at all times. The condition here is much more narrowly drawn. It prohibits defendant from entering particularized places: Kohl's stores, which *In re White* instructs is permissible. Defendant nonetheless argues that the Kohl's condition restricts his access to many shopping malls and areas, thereby limiting his right to travel. But the

15

condition does not prohibit him from being in the vicinity of Kohl's stores; it only prohibits him from entering Kohl's stores. Thus, it does not prohibit him from entering shopping malls or areas where Kohl's stores are located, just Kohl's stores themselves. Indeed, although defendant had been previously subject to a condition (apparently without objection) that prohibited him from entering the entire Northridge Mall, the court elected not to re-impose that broader condition when it granted probation in the felony burglary case. The Kohl's condition does not restrict defendant's day-to-day movements; exclude him from neighborhoods, cities, or counties; or prevent him from accessing important governmental, social, or health services.

Kohl's has many competitors, such as Walmart and Target. There are countless other stores where defendant can buy goods comparable to those sold at Kohl's. The Kohl's condition does not prevent defendant from entering other retail stores or participating in public discourse. The analysis might be different if defendant lived in a smaller community and the condition prohibited him from, for example, entering the only grocery store or the only drug store in town. But that is not the case here.

The essential question in an overbreadth challenge is the "closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*).) The primary objective of the Kohl's condition is to protect Kohl's from further theft, not to impede defendant's travel. Since it limits only entry into Kohl's stores, it does little to deter or penalize defendant's exercise of his right to travel. (*Attorney Gen. of New York v. Soto-Lopez* (1986) 476 U.S. 898, 902, fn. 2.) We conclude the Kohl's condition was sufficiently narrowly drawn to protect one of the victims of defendant's repeated burglaries and to promote defendant's rehabilitation. The condition does not unconstitutionally impinge upon his right to travel. We therefore hold it is not overbroad.

16

**D. The Kohl's Condition is Not Unconstitutionally Vague**

Defendant also argues that the Kohl's condition is unconstitutionally vague because it does not contain a knowledge requirement. He contends he should "be notified in advance of what shopping centers and locations he must avoid because Kohl's stores are located on the premises." This contention is without merit.

A probation condition "is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' [Citations.] A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed." (*E.O.*, *supra*, 188 Cal.App.4th at p. 1153, citing *Sheena K.*, *supra*, 40 Cal.4th at p. 890 and other cases.) In short, "overbreadth involves the scope of a directive while vagueness involves its clarity." (*People v. Hall* (May 15, 2015, A141278) __ Cal.App.4th __, __ [2015 WL 2329069, *2, fn. 3] (*Hall*).)

The Kohl's condition directs defendant to stay out of all Kohl's stores. Given the signage on modern retail establishments, we fail to see how one could unknowingly enter a Kohl's store. "The 'function served by an express knowledge requirement should not be extended beyond its logical limits.' " (*People v. Kim* (2011) 193 Cal.App.4th 836, 847 (*Kim*).) We therefore hold the condition is clear, not vague, and does not require modification.

**III.    *Probation Condition Prohibiting Access to, Use of, or Possession of a Police Scanner or Surveillance Equipment***

In both the felony cases, the court imposed a probation condition that directed defendant to "[n]ot have access to, use, or possess any police scanner device or surveillance equipment on [his] person, vehicle, place of residence, or personal effects" (hereafter the "surveillance equipment condition").

17

Defendant did not object to the imposition of the surveillance equipment condition in the trial court. But on appeal, he argues that the condition is "unconstitutionally vague and overbroad" for two reasons. First, he contends the condition is vague and overbroad because it does not contain a knowledge requirement or require that he "know of the presence of such scanners or equipment." He asserts the "absence of such a requirement violates" his Fourteenth Amendment due process rights "because he might unwittingly violate probation." Second, he asserts the term "surveillance equipment" is vague because it fails to give adequate notice of "what items he may or may not legally possess" and is overbroad because it restricts his use of "commonly used items such as cellular phones, computers, tablets, and cameras." Defendant urges us to strike the surveillance equipment condition or modify it as follows: "[You will] not *knowingly* have access to, use, or possess *any item that you know to be* a police scanner or device or surveillance equipment on your vehicle, place of residence, or personal effects." (Original italics; bold omitted.)

The Attorney General agrees that the surveillance equipment condition should be modified to include a knowledge requirement and suggests the following modification: "You are not to *knowingly* have access to, use of, or possession of police scanners or surveillance equipment on your vehicle, place of residence, or personal effects." (Original italics.)

## A. Vagueness Challenge Based on Potential for Unwitting Violations of the Probation Condition

A "probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Where the condition limits constitutional rights, it must be "closely tailor[ed] . . . to the purpose of the

18

condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Ibid.*) Thus, courts may require that vague or overly broad terms in probation conditions be modified or narrowed to satisfy constitutional standards. (See, e.g., *People v. Leon* (2010) 181 Cal.App.4th 943, 952 (*Leon*) [prohibition that defendant not " 'frequent' " areas where gang activity occurs was "unconstitutionally vague, because it is both obscure and has multiple meanings"]; *In re White*, *supra*, 97 Cal.App.3d at pp. 147-148 [probation condition containing blanket restriction against being present in specified areas of city at any time must be narrowed so that right to travel is not unduly restricted].)

In considering a condition prohibiting a minor from associating with " 'anyone disapproved of by probation,' " the California Supreme Court in *Sheena K.* reasoned that the foundation of a vagueness challenge is the due process concept of " 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at pp. 889-890.) The vagueness doctrine "bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*Id.* at p. 890.) The court concluded that, in the absence of "an express requirement of knowledge," the challenged probation condition was unconstitutionally vague because it did not give advance notice to the minor of the persons with whom she was prohibited from associating. (*Id.* at p. 891.)

As this court has observed: "In a variety of contexts, . . . California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances." (*Kim*, *supra*, 193 Cal.App.4th at p. 843.) In a host of cases, appellate courts have modified probation conditions that failed to include language requiring the probationer's knowing violation of the condition at issue. (See e.g., *People v. Petty* (2013) 213 Cal.App.4th 1410, 1424-1425 [condition prohibiting the defendant from coming within 100 yards of the victim or her daughter modified to add knowledge requirement]; *People v. Moses* (2011) 199 Cal.App.4th 374, 376-377 (*Moses*) [probation

19

conditions prohibiting the defendant from (1) owning, using, or possessing sexually explicit material, (2) associating with minors, or (3) frequenting places where minors congregate modified to add knowledge requirement]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 911-912, 931 [condition prohibiting minor from associating with "anyone [with] whom a parent or Probation Officers prohibit association" modified to add knowledge requirement]; *Leon* , *supra*, 181 Cal.App.4th at pp. 949-950 [probation condition prohibiting association with gang members modified to add knowledge requirement].)

A line of cases has examined the need to add a knowledge requirement to probation conditions that have been described as "category conditions," that is, probation conditions that prohibit conduct "related to a category of associations, places, or items." (*Hall*, *supra*, 2015 WL 2329069, at p. *2.) Appellate courts have modified vague category conditions on a case-by-case basis to incorporate a knowledge requirement into the conditions being challenged. (*Id.* at p. *4.) But the Third District Court of Appeal took a different approach in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*). Frustrated with the "dismaying regularity" of having to "revisit the issue in orders of probation," the court incorporated, by operation of law, a blanket knowledge requirement into certain types of conditions. (*Id.* at p. 960 ["We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly"].) But other courts have declined to follow *Patel*. (*Hall*, at p. *4, citing *Pirali*, *supra*, 217 Cal.App.4th at p. 1351; *Moses*, *supra*, 199 Cal.App.4th at pp. 380-381; and *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103.)

Recently, in *Hall*, the First District Court of Appeal observed that "[f]ailing to distinguish between the reasons for using a knowledge requirement to modify a vague category condition and mens-rea principles has led some appellate courts to modify conditions imprecisely or unnecessarily." (*Hall*, *supra*, 2015 WL 2329069 at p. *5.)

20

Similar to defendant's first contention regarding the surveillance equipment condition, the defendant in *Hall* argued that the word "knowingly" must be inserted into two probation conditions that admonished him to stay away from weapons and illegal drugs "because without it he could be found to violate probation by unwittingly doing something prohibited." (*Hall*, *supra*, 2015 WL 2329069, at pp. *1, *7.) The court disagreed. The court stated, "contrary to Hall's argument, there is nothing that requires sentencing courts to include, or appellate courts to incorporate, a requirement that the probationer 'knowingly' violate a condition in order to protect against enforcement of unwitting violations." (*Id.* at p. *6.) "[T]he best approach is for appellate courts to incorporate an express knowledge requirement into category conditions only when necessary to cure a truly vague category, and then to do so by incorporating a requirement that the probationer *know* the association, place, or item falls within the prohibited category." (*Ibid.*; original italics.) The court reasoned that the "implied mens rea of willfulness must be established to find a probation violation, and this protects [the probationer] from being punished for an unwitting failure to comply with a condition. If he borrows a jacket but does not know it contains a weapon or eats a brownie but does not know it contains marijuana, he will lack the necessary mens rea to be found in violation of his probation." (*Id.* at p. *7.) The court also concluded that "modifying vague category conditions to incorporate a requirement that the probationer must knowingly violate the condition is imprecise and unnecessary to protect against unwitting violations." (*Id.* at p. *8.) For these reasons, the *Hall* court held that the probation conditions at issue in that case were not unconstitutionally vague. (*Id.* at pp. *6-*8; see also *People v. Moore* (2012) 211 Cal.App.4th 1179, 1184-1185 [court reviewed a weapons condition and held there is an implied scienter requirement in the concept of possessing something; a probationer cannot violate such a condition without knowledge that he or she is possessing the prohibited item].)

21

As in *Hall*, defendant argues that the surveillance equipment condition is unconstitutionally vague because it lacks a knowledge requirement, which could lead to unwitting violations of the condition. We agree with the reasoning in *Hall*, however, and conclude that it is unnecessary to add a knowledge requirement to prevent unwitting violations of the condition. We turn next to the question whether the surveillance equipment condition is "truly vague" because it fails to advise defendant of the types of items that are prohibited by the condition. (*Hall*, *supra*, 2015 WL 2329069, at p. *6.)

**B. Vagueness and Overbreadth Challenges Based on the Description of the Prohibited Items**

Defendant's second ground for challenging the surveillance equipment condition is that it does not provide adequate notice of what items are prohibited. In particular, he argues that the term "surveillance equipment" is vague because it fails to give adequate notice of "what items he may or may not legally possess." He also asserts that the condition is overbroad because it restricts his use of "commonly used items such as cellular phones, computers, tablets, and cameras." This challenge is not concerned with the possibility of an unwitting violation (for example, unbeknownst to defendant, someone places a police scanner in his room). Instead, this challenge involves the question whether the surveillance equipment condition adequately describes the prohibited items so that defendant can determine whether a particular item or device falls within the prohibited category.

We note that the surveillance equipment condition involves use of, access to, and possession of specific items of property which are otherwise legal and for which there exist no statutes that proscribe their possession. Thus, the condition, to the extent it restricts the ownership and possession of property, impacts the constitutional right to possess property. (Cal. Const., art. I, § 1; see *People v. Freitas* (2009) 179 Cal.App.4th 747, 751.) We adhere to the general proposition, as reiterated in *Sheena K.*, *supra*,

40 Cal.4th at page 891, that, particularly where the probation condition impacts constitutionally protected rights, in the absence of "an express requirement of knowledge," the challenged probation condition may be determined to be unconstitutionally vague.

Defendant argues: "A relatively innocuous article such as an iPad could arguably be considered 'surveillance equipment' even if [he] intended only to use it for sending and receiving emails or for other non-surveillance purposes." We agree. The rapid changes and innovations in technology, particularly those involving tablet computers, smart phones, digital cameras, and other electronic devices, as well as the "apps" or applications created for such devices, make it difficult to formulate a condition that encompasses all of the possible devices that could be used to monitor law enforcement and probation activities. It could be that someone has already developed an application that can turn a smart watch into a police scanner. Rather than attempt to list every type of prohibited electronic device—a list that may well be outdated by the time this opinion is filed—we believe the vagueness and overbreadth problem presented by the surveillance equipment condition is better addressed by listing "police scanners" and "surveillance equipment" as examples of prohibited items, and then describing the functions of the prohibited items or devices the trial court sought to curtail, presumably the surveillance and monitoring of law enforcement and probation department activity. As the court stated in *Hall*, these vagueness and overbreadth concerns may be addressed by "incorporating a requirement that the probationer *know* the association, place, or item falls within the prohibited category." (*Hall*, *supra*, 2015 WL 2329069 at p. *6.)

In summary, we conclude a knowledge requirement is not necessary to prevent an unwitting violation of the surveillance equipment condition and it is therefore not necessary to add the word "knowingly" to the condition as requested by the parties. But we also conclude a knowledge requirement is necessary to eliminate vagueness and overbreadth in the description of the prohibited devices and activities. We shall therefore

23

remand this case to the trial court to fashion an appropriate condition that is consistent with the views expressed in this opinion, with input from counsel for both parties and the probation department. Input from the trial court, counsel, and the probation department will be particularly helpful in this case, as they may draw on their experience applying the surveillance equipment condition in other cases.

Finally, we are concerned about use of the phrase "whether on your person, in your vehicle, at your place of residence, or among your personal effects" in the surveillance equipment condition as currently drafted. Although defendant does not challenge this language, we provide the following comments for guidance on remand. This phrase appears to be intended to provide a comprehensive list of locations where defendant is prohibited from using or having access to surveillance equipment. But the phrase only includes locations that are personal to defendant: "on *your* person, in *your* vehicle, at *your* place of residence, or among *your* personal effects." (Italics added.) It does not address the possibility that defendant might use or have access to surveillance equipment at a friend's house, his workplace, or some other place that is not personal to him. As currently drafted, defendant might conclude that the condition is limited to locations that are personal to him, and does not apply to items that are located outside the areas specified. Since the surveillance equipment condition prohibits access to, use of, and possession of the prohibited items, we question whether it is necessary to also mention the location of such items. But, if the court wishes to describe the locations where the surveillance equipment condition applies to clarify the condition and provide additional guidance to defendant, we suggest this phrase be recast in language that is illustrative or more open-ended. For example, the phrase could be re-written as: "including, but not limited to, on your person, in your vehicle, at your place of residence, among your personal effects, or any other place where you are present." We will leave it to the trial court to determine the appropriate resolution of this question on remand.

## IV. Petitions for Recall of Sentence

"On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera*, *supra*, 233 Cal.App.4th at p. 1091.) To this end, Proposition 47: (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)

In February 2015, this court granted defendant's request to file supplemental briefing on the question "whether his possession and burglary convictions should be reduced from felonies to misdemeanors pursuant to the newly enacted . . . section 1170.18 under Proposition 47."

In the drug possession case, defendant was convicted of violating Health and Safety Code former section 11350, subdivision (a), which was amended by Proposition 47 seven months after defendant was convicted. Prior to that amendment, possession of the controlled substances designated in that section was a felony. (Health & Saf. Code, former § 11350, subd. (a).) "As amended by Proposition 47, Health and Safety Code section 11350 now provides that a violation of that section is a misdemeanor, unless the defendant 'has one or more prior convictions' for an offense specified in . . . section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as ' "super strike" offenses'—or for an offense that requires the defendant to

25

register as a sex offender under section 290, subdivision (c). Such ineligible defendants 'may instead be punished pursuant to subdivision (h) of Section 1170 . . . .' (Health & Safety Code, § 11377, subd. (a).) ([Section] 1170, subd. (h) sets forth rules for sentencing felony offenders under the Criminal Justice Realignment Act of 2011.)" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

In the felony burglary case, defendant was convicted of second degree burglary (§§ 459, 460). Second degree burglary is a wobbler. (§ 461.) In this case, it was charged as a felony and defendant pleaded no contest to the offense as a felony. Seven months later, Proposition 47 added new section 459.5 to the Penal Code. Section 459.5 defines the crime of "shoplifting." It provides, in relevant part: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor . . . [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." The statute also provides that shoplifting by offenders with certain types of prior convictions may be punished as a felony. (§ 459.5, subd. (a).)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Rivera*, *supra*,

26

233 Cal.App.4th at p. 1092.)  "Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' (§ 1170.18, subd. (f); see *id.*, subds. (g)-(h).)" (*Rivera*, at p. 1093.)

In his supplemental brief, defendant argues that since both of his felony convictions are now misdemeanors under Proposition 47, and "since he is not disqualified for resentencing due to a prior crime, this court should reduce the [drug] possession and shoplifting offenses to misdemeanors and remand the case [to the trial court] for resentencing."  His principal legal contentions are that (1) the provisions of Proposition 47 apply retroactively to this case since the judgment is not yet final because he filed an appeal; and (2) failing to afford him the benefits of Proposition 47 violates his rights under the equal protection clauses of the state and federal constitutions.  The Attorney General responds that defendant must first file a petition for recall of sentence under section 1170.18 so the trial court may determine if he is excluded from Proposition 47 resentencing because he poses an unreasonable risk of danger to public safety.  (This contention suggests the Attorney General was unaware that such petitions had already been filed in the trial court.)

It is not necessary for us to determine whether the provisions of Proposition 47 apply retroactively to defendant because the trial court's order on defendant's recall petition is not properly before us in this appeal.  The record on appeal in this case was filed in May 2014, months before Proposition 47 passed and long before defendant filed his petitions to recall his sentence in the trial court.  Consequently, the record does not include defendant's petitions to recall his sentence, any opposition filed by the prosecution, any of the evidence presented by either party, or any hearing transcripts.  In essence, defendant asks this court to designate his offenses as misdemeanors under

27

section 1170.18 in the first instance, rather than review the trial court's ruling on his petitions to recall his sentence. That is not our role.

The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant meets the statutory criteria for relief. For example, to qualify for resentencing under the new shoplifting statue, the trial court must determine whether defendant entered "a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours," and whether "the value of the property that [was] taken or intended to be taken" exceeded $950. (§ 459.5.) In this case, all we know is that defendant stole seven pairs of jeans from a Sears store. In his supplemental brief, defendant argues, without citation to the record, that he intended to steal "seven pairs of Levi jeans with a value of $426— which does not exceed $950." But nothing in the record states the brand of jeans that he stole or the dollar value of the jeans. It is possible that the value of the property defendant stole disqualifies him from resentencing under sections 459.5 and 1170.18. Under the resentencing procedure in section 1170.18, that is a factual finding that must be made by the trial court in the first instance. An " 'essential distinction' " between trial courts and appellate courts is that " 'it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law . . . .' " (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Appellate courts do not make factual findings; we review " 'the correctness of a judgment [or order] as of the time of its rendition.' " (*Ibid.*)

Another important factual question that must be decided by the trial court "in its discretion," is whether "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Defendant argues there "is no evidence that [he] would be disqualified from Proposition 47 eligibility, as nothing in the record shows a conviction" for any disqualifying offense. Again, that determination must be made in the first instance by the trial court; it is not our role to find facts, especially on an incomplete record.

28

Finally, defendant has filed a notice of appeal from the trial court's December 31, 2014 order on his petitions to recall his sentence and to designate his offenses as misdemeanors. The issues raised here about the propriety of that order should be addressed in that appeal, based on a complete record of the proceedings below, and after briefing by the parties. For these reasons, we will not further address defendant's arguments regarding the applicability of Proposition 47 in this appeal.

## DISPOSITION

The judgment is reversed and the matter is remanded for the trial court to modify the surveillance equipment condition in the probation orders in both case No. SS140496A (the drug possession case) and case No. SS140498A (the felony burglary case).

In case No. SS140498A (the felony burglary case), the clerk of the court is directed to correct condition No. 13 in the court's signed minute order dated April 25, 2014, to conform to the trial court's oral pronouncement of this condition of probation. The minute order currently states: "13. Stay away at least 25 yards from the Sears in Northridge Mall of Salinas, CA and all Kohl's stores." The clerk is directed to change that condition to: "13. Stay away at least 25 yards from the Sears store in the Northridge Mall of Salinas, CA and stay out of all Kohl's stores and all Sears stores." The clerk is also directed to provide a certified copy of the corrected minute order to the probation department.

29

_____

Márquez, J.

WE CONCUR:



_____

 Rushing, P. J.




_____

 Grover, J.







No. H040903
People v. Contreras

Trial Court:                              Monterey County
                                          Superior Court Nos.:  SS140496,
                                          SS140498

Trial Judge:                             The Honorable Carrie M. Panetta


Attorney for Defendant and Appellant      Sylvia Ronnau
Daniel Aaron Contreras:                   under appointment by the Court of
                                          Appeal for Appellant




Attorneys for Plaintiff and Respondent    Kamala D. Harris,
The People:                               Attorney General

                                          Gerald A. Engler,
                                          Chief Assistant Attorney General

                                          Jeffrey M. Laurence,
                                          Acting Senior Assistant Attorney
                                          General

                                          Rene A. Chacon,
                                          Supervising Deputy Attorney General

                                          Juliet B. Haley,
                                          Deputy Attorney General

People v. Contreras
H040903