Filed 9/30/15  P. v. Pizano CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067265 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF31373) |
| DIANA MARIE PIZANO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Donal B. Donnelly and Poli Flores, Judges.  Reversed and remanded with directions.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

In August 2013, Diana Marie Pizano entered a negotiated guilty plea to felony second degree burglary (Pen. Code,[1] § 459). In September, the court placed Pizano on three years' probation, as stipulated in the plea agreement. In October 2014, the court revoked and reinstated probation. In November, Pizano filed a petition for recall of sentence and resentencing pursuant to section 1170.18 (Proposition 47). In December, she filed an amended petition.[2] The People filed opposition. The court denied Pizano's request for relief under section 1170.18 on the ground that "Prop[osition] 47 did not specifically delineate [violations of section 459] as . . . charges that can be reduced." Pizano appeals, contending a person convicted of a felony violation of section 459, which would now be a misdemeanor under section 459.5, is entitled to have the felony conviction reduced to a misdemeanor pursuant to section 1170.18, subdivision (a). The People properly concede the point.

## FACTUAL BACKGROUND

In July 2013, Pizano entered a WalMart store during business hours with the intent to steal. In the store, Pizano stole property valued at $66.46.

## DISCUSSION

"On November 4, 2014, . . . [California voters approved] The Safe Neighborhoods and Schools Act (Proposition 47). (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 1, p. 70.) It became effective the next day. (Cal. Const., art. II, § 10,

---

[1]    Further statutory references are to the Penal Code.

[2]    We refer to the petition and the amended petition together as "the petition."

2

subd. (a).)" (*People v. DeHoyos* (2015) 238 Cal.App.4th 363.)  Proposition 47 provides:

"A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." (§ 1170.18, subd. (a).)  "Proposition 47 added new section 459.5 to the Penal Code.  Section 459.5 defines the crime of 'shoplifting.' " (*People v. Contreras* (2015) 237 Cal.App.4th 868, 890.)  Section 459.5 states: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  (§ 459.5, subd. (a).)  With exceptions inapplicable here, "[s]hoplifting shall be punished as a misdemeanor." (§ 459.5, subd. (a).)

By the plain terms of section 1170.18, subdivision (a), Pizano is entitled to recall of sentence and resentencing under section 459.5 "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.  In exercising its discretion, the court may consider all of the following:  [¶] (1) [t]he petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes[;]  [¶]  (2) [t]he petitioner's disciplinary record and record of rehabilitation while incarcerated[; and]  [¶]  (3) [a]ny other evidence the court, within its

3

discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)  This discretionary determination includes factual matters within the province of the trial court.

We reverse the order denying Pizano's petition for recall of sentence and for resentencing and remand to the trial court for a determination whether "resentencing [Pizano] would pose an unreasonable risk of danger to public safety" within the meaning of section 1170.18, subdivision (b).

## DISPOSITION

The order denying Pizano's petition for recall of sentence and request for resentencing is reversed.  The case is remanded to the trial court with directions to hold a new hearing at which it shall determine whether "resentencing [Pizano] would pose an unreasonable risk of danger to public safety" within the meaning of section 1170.18, subdivision (b).

O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

4