Filed 3/8/16  P. v. Hamel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>DERRICK JUSTIN HAMEL,<br><br>      Defendant and Appellant. | C078941<br><br>(Super. Ct. No. 12F226) |

Defendant Derrick Justin Hamel appeals from the trial court's order denying his petition for resentencing pursuant to Proposition 47 (Pen. Code, § 1170.18).[1]  He contends the trial court erred in finding that his prior first degree robbery conviction renders him ineligible for resentencing.

We agree that defendant's prior robbery conviction does not render him ineligible for resentencing.  But that does not end the trial court's inquiry.  Accordingly, we will reverse and remand the matter for further proceedings on defendant's petition.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

Portions of the background are taken from the record in defendant's prior appeal. (*People v. Hamel* (Dism. Feb. 3, 2015, C077609).)  Defendant unlawfully took a firearm, a .270-caliber bolt-action Winchester rifle, belonging to Thomas Loop.  He entered a negotiated plea of no contest to one count of grand theft of a firearm (§ 487, subd. (d)(2) -- count four) and admitted the allegation of a prior strike conviction in exchange for a midterm sentence of two years, doubled for the prior strike conviction, and dismissal of the remaining charges and allegations.

Defendant subsequently filed a *Romero*[2] motion to strike his prior strike conviction pursuant to section 1385.  The trial court denied the *Romero* motion, denied probation, and sentenced defendant consistent with the plea agreement.  The trial court awarded 154 days of presentence credit and imposed various fines, fees and assessments. Defendant appealed (C077609) but later dismissed the appeal.

Defendant then filed a petition for resentencing pursuant Proposition 47 (§ 1170.18), asking the trial court to reduce his felony sentence for grand theft of a firearm to a misdemeanor sentence.  During a brief hearing on defendant's petition, the prosecutor informed the trial court that defendant "has a prior robbery conviction, which would be a disqualifier."  The trial court responded, "Then I will take the prior record into consideration and just deny this from the bench."

## DISCUSSION

Defendant contends the trial court erred in denying his petition for resentencing because he has no disqualifying prior conviction within the meaning of section 1170.18. The People agree that defendant's prior robbery conviction does not disqualify him for

---

[2]  *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

purposes of Proposition 47. But they say that does not end the inquiry, and the matter should be remanded for further proceedings.

Proposition 47 requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §3, p. 70.) It added section 1170.18 to the Penal Code, which allows a person to petition for resentencing if they are currently serving a sentence for a felony but would have been guilty of a misdemeanor under Proposition 47. (§ 1170.18, subd. (a).) But a defendant is ineligible for resentencing if he has one or more prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv), or an offense requiring registration pursuant to section 290, subdivision (c). (§ 1170.18, subd. (i).)

The parties correctly agree that defendant's prior strike conviction for first-degree robbery (§ 213) does not render him ineligible for Proposition 47 relief. (§§ 1170.18, subds. (a) & (i); 667, subd. (e)(2)(C)(iv).) Because that was the basis for the trial court's determination of ineligibility, we will reverse. But we will also remand for further proceedings, because our determination on appeal does not end the trial court's inquiry.

Defendant was convicted of felony grand theft of a firearm (§ 487, subd. (d)(2)), a crime which may or may not have been a misdemeanor had Proposition 47 been in effect at the time of the offense. Defendant's conviction for grand theft qualifies for resentencing as a misdemeanor only if the value of the stolen firearm was less than $950. (§§ 487, subd. (d)(2), 490.2, subd. (a), 1170.18, subd. (a).) The record contains little evidence regarding the value of the firearm at issue, apart from the victim's statement that the collective value of all six stolen guns was $2,000. Although the value of the firearm may well have been less than $950, we will not speculate as to the value. The value of the particular stolen gun that formed the basis for defendant's conviction "is a factual finding that must be made by the trial court in the first instance." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892 (*Contreras*).)

3

Of course, even if defendant satisfies the criteria in section 1170.18, subdivision (a), the trial court must also determine whether resentencing defendant would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *Contreras, supra*, 237 Cal.App.4th at p. 892.)

Accordingly, we will remand the matter to the trial court for further proceedings.

DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed and the matter is remanded to the trial court for further proceedings on defendant's petition.

                                    /S/
                              Mauro, J.

We concur:

        /S/
Nicholson, Acting P. J.

        /S/
Butz, J.

4