Filed 1/19/21  P. v. Fallas CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>VICTOR FALLAS, JR.,<br><br>     Defendant and Appellant. | A157818<br><br>(San Mateo County<br>Super. Ct. No. 19NF001509A) |

Following a conviction for second degree robbery, defendant Victor Fallas, Jr. was placed on probation.  On appeal, he argues that three probation conditions listed in the June 7, 2019 minute order of his sentencing hearing must be stricken, because they were not included in the trial court's oral pronouncement of judgment.

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence" (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9), and "[e]ntry of the judgment in the minutes of the court is a clerical function." (*Id.* at p. 345, fn. 11.)  "As a general rule, when there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls.  [Citation.]  The California Supreme Court has also stated that 'a record that is in conflict will be harmonized if possible,' but if the reporter's transcript and the clerk's transcript—the minute order in this

1

case—cannot be reconciled, we do not automatically defer to the reporter's transcript, but rather adopt the transcript that should be given greater credence under the circumstances of the particular case." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 880.)

The People concede that two of the written probation conditions challenged on appeal must be stricken because they were not orally imposed at the sentencing hearing: condition number 18, pertaining to the reimbursement of court-appointed attorney fees, and condition number 19 requiring defendant to pay fines and assessments. Accordingly, we will order them stricken from the minute order and no discussion is necessary.

The final probation condition defendant challenges as exceeding the scope of the court's oral pronouncement of judgment is number 17, which requires him to "seek and maintain full-time employment." We agree that this, too, must be stricken.

At the sentencing hearing, the trial court orally ordered defendant to "maintain full-time employment *and/or education or vocational training* as directed by your probation officer." (Italics added.) Consistent with that directive, one of the conditions of probation contained in the minute order, number 16, directs him to "seek and maintain full-time employment and/or participat[e] in a vocational or educational program as directed by the Probation officer." Condition number 17, however, directs defendant only to be employed full-time. Because it omits the option of participating in an educational or vocational program as an alternative to maintaining full-time employment, it conflicts both with the court's oral pronouncement of judgment *and* with condition number 16.

The People argue condition number 17 is not inconsistent with the court's oral pronouncement of judgment. That is because, the People contend,

*condition 16* clarifies the court's intent of permitting education or training as alternative to full-time employment.  But this argument tacitly acknowledges that condition 17 itself fails to reflect the court's intent.

It is clear that condition 17 is a ministerial error.  There is no indication in the record the court intended the probation condition to be limited solely to full-time employment, and so the court's more inclusive oral pronouncement must control.  (See *People v. Contreras, supra,* 237 Cal.App.4th at p. 881.)  It conflicts with the trial court's intended sentence, and we will instruct the clerk to strike it in order to correct the minute order to reflect the condition imposed orally at the sentencing hearing.  (*Ibid*.)  Striking condition number 17 while leaving condition number 16 in place will reflect the court's intended judgment.

## DISPOSITION

The clerk of the court is directed to strike condition numbers 17, 18 and 19 in the court's minute order of June 7, 2019.  The clerk is also directed to provide a certified copy of the corrected minute order to the probation department.

_____
STEWART, J.

We concur.


_____
RICHMAN, Acting P.J.


_____
MILLER, J.


*People v. Fallas* (A157818)

4