Filed 10/9/15  P. v. Price CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALFI ALI PRICE, Defendant and Appellant. | B262405 (Los Angeles County Super. Ct. No. PA080920) |

APPEAL from an order of the Superior Court of Los Angeles County, Ann I. Jones, Judge.  Affirmed.

Mae G. Alberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Deputy Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.

_____

Prior to a felony preliminary hearing, defendant and appellant Alfie Ali Price entered a plea of no contest in August 2014 to second degree burglary, in violation of Penal Code section 459,[1] and was sentenced to three years in state prison.[2]  In December 2014, defendant, through the public defender, filed a petition for relief under Proposition 47 ("The Safe Neighborhoods and Schools Act") to have his offense declared a misdemeanor shoplifting (§ 459.5).

The trial court held a hearing on the petition for relief in January 2015.  The court noted that defendant was convicted of the second degree burglary of a car wash.  The court stated that Proportion 47 "is fairly narrowly drawn" and it does not apply to all convictions of second degree burglary, only those that would be conduct amounting to the newly created offense of shoplifting.  Section 459.5 is only violated if a perpetrator entered a commercial establishment open during regular business hours.  According to the court and the prosecutor, defendant had no other convictions that would disqualify him for relief under Proposition 47.

Colloquy ensued between the court and counsel for the parties regarding the facts of the case.  Counsel for defendant and the prosecutor discussed facts contained in the police report and a follow-up investigative report.

The court ultimately denied resentencing without relying on information drawn from the police reports.  Instead, the court ruled as a matter of law that defendant had the burden of proving he committed only a shoplifting and not a second degree burglary, defendant presented no evidence on the conduct involved, and therefore he had not carried his burden of proof.  If the rule were otherwise all second degree burglaries would be reduced to shoplifting, which the court viewed as inconsistent with the ameliorative provisions of Proposition 47.

---

[1] Statutory references are to the Penal Code, unless otherwise indicated.

[2] Allegations that defendant had served five prior prison terms as defined in section 667.5, subdivision (b), were apparently dismissed in connection with the case settlement.

## DISCUSSION

Defendant presents two contentions on appeal: (1) the trial court erred when it ruled that defendant had the burden of proving that he was eligible for resentencing under Proposition 47; and (2) the court committed error by considering police reports, which are not part of the record of conviction, in determining that defendant was ineligible for relief. We hold the trial court correctly placed the burden on defendant of proving that he committed what now amounts to misdemeanor shoplifting, that defendant failed to sustain that burden, and his petition for relief under Proposition 47 was properly denied. Because the appeal is fully resolved by rejection of defendant's first contention, there is no need to address his second point.

*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 (*Sherow*), held that a defendant convicted of second degree burglary, who seeks resentencing pursuant to Proposition 47 under the shoplifting statute, bears the burden of establishing entitlement to relief. We agree with the reasoning in *Sherow*, which is entirely consistent with the approach of the trial court in this case.

"Proposition 47, which is codified in section 1170.18, reduced the penalties for a number of offenses. Among those crimes reduced are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in new section 459.5. Shoplifting is now a misdemeanor unless the prosecution proves the value of the items stolen exceeds $950. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091; *People v. Contreras* (2015) 237 Cal.App.4th 868, 889-891.)" (*Sherow, supra,* 239 Cal.App.4th at p. 879.)

Newly enacted section 459.5 provides as follows: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit

3

larceny is burglary." As the statutory language plainly states, section 459.5 has specific elements that distinguish it from second degree burglary.

Relying on the proposition that the party seeking relief ordinarily had the burden of proof, the *Sherow* court held, "it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts, upon which his or her eligibility is based." (*Sherow, supra,* 239 Cal.App.4th at p. 880.) This allocation of the burden of proof is particularly appropriate because at the time of conviction of second degree burglary, the new offense of misdemeanor shoplifting did not exist, so there is no reason why the record would contain facts demonstrating whether the lesser offense was committed. (*Ibid.*) In *Sherow*, relief was denied because the defendant presented no evidence the amount taken in his various second degree burglary offenses did not exceed $950, which is one of the elements of section 459.5. (*Ibid.*)

The trial court here, in a ruling made before *Sherow* was published but entirely consistent with its reasoning, denied defendant's petition as a matter of law because defendant did not carry his burden of proof. This was correct. Defendant presented no evidence that he entered a commercial establishment open during regular hours, or that the theft did not exceed $950. Defendant made no attempt to show that his conduct was anything other than a second degree burglary. The petition for resentencing was properly denied. (*Sherow, supra,* 239 Cal.App.4th at p. 877.)

4

## DISPOSITION

The order denying the petition for relief under Proposition 47 is affirmed.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.