Filed 10/13/15  P. v. Rubio CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MELISSA RUBIO,<br><br>    Defendant and Appellant. | D067806<br><br><br> (Super. Ct. No. JCF29273)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion filed on October 7, 2015 is modified as follows:

Paragraph 3, page 1, the designation of counsel for the People, Plaintiff and Respondent, was incorrect.  The proper designation is as follows:

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

There is no change in judgment.

HUFFMAN, Acting P. J.

Copies to:  All parties

Filed 10/7/15  P. v. Rubio CA4/1 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067806 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF29273) |
| MELISSA RUBIO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Reversed and remanded with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

In August 2012, Melissa Rubio entered a guilty plea to second degree burglary. (Pen. Code,[1] § 459.)  She was granted probation for three years.

Rubio suffered probation revocations in August 2013, February 2014, September 2014, and March 2015.  Following the March 2015 revocation, Rubio was continued on probation subject to an additional 135 days in custody.

In March 2015, Rubio filed a petition to recall her sentence pursuant to Proposition 47 (§ 1170.18).  The trial court concluded second degree burglary sentences were not subject to recall under Proposition 47.

Rubio appeals contending the trial court erred in its interpretation of Proposition 47.  She notes the proposition created a new category of second degree burglary, i.e., shoplifting of a commercial establishment.  (§ 459.5.)  Since the offense in this case was committed in a Von's market and involved a loss of less than $70, Rubio contends the court should have granted the petition.

The People properly concede the trial court erred in its interpretation of section 1170.18.  The People ask us to remand the case to the trial court with directions to hold a new hearing on the petition.  We agree with the parties that the trial court erred in its interpretation of Proposition 47.  We will reverse the order denying the petition and remand the case to the trial court to reconsider its ruling on the petition and specifically consider the effect of section 459.5 adopted by Proposition 47.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

STATEMENT OF FACTS

On August 4, 2012, Rubio entered a Vons market in El Centro. She took various items from the store without paying for them. She was detained after she left the store. The value of the items taken was $69.14.

DISCUSSION

In November 2014, Rubio filed a petition pursuant to section 1170.18 for resentencing of her burglary conviction. The court denied the request finding that the burglary was not one of the enumerated crimes under Proposition 47.

The parties agree the case should be remanded for the court to reconsider Rubio's request.

"Proposition 47, which is codified in section 1170.18, reduced the penalties for a number of offenses. Among those crimes reduced are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in new section 459.5. Shoplifting is now a misdemeanor unless the prosecution proves the value of the items stolen exceeds $950." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091; *People v. Contreras* (2015) 237 Cal.App.4th 868, 889-891.)

On remand, the trial court must review the petition as well as the factual basis of the conviction. If the record establishes that Rubio took items valued at less than $950, she would qualify for sentence reduction under section 459.5.

3

DISPOSITION

The order denying Rubio's petition for resentencing under section 1170.18 is reversed. The case is remanded to the Imperial County Superior Court with directions to reconsider the petition.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.

4