Filed 10/28/15  P. v. Navarro CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

<table>
<tr><td>THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>OSCAR NAVARRO,<br><br>      Defendant and Appellant.</td><td>A143343<br><br>(Napa County<br>Super. Ct. No. CR169972)</td></tr>
</table>

Oscar Navarro challenges a drug-related condition of his probation that prohibits him from using, consuming, or possessing "any non-prescribed . . . substances."  He argues that the condition is unconstitutionally vague.  We agree and therefore modify the condition, but we otherwise affirm the judgment.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In March 2014, Navarro was pulled over by a Napa police officer.  In the course of the stop, Navarro struggled with the officer and was found to be in possession of methamphetamine and a smoking pipe.  Navarro was charged with three crimes:
(1) possessing a controlled substance (methamphetamine), a felony; (2) possessing a smoking device, a misdemeanor; and (3) resisting, obstructing, or delaying a peace

1

officer, a misdemeanor.[1]  The misdemeanor device-possession charge was later dismissed, and Navarro pleaded no contest to the remaining two counts.[2]  On the plea form Navarro signed memorializing the plea agreement, he agreed to "probation w/ drug terms."  The trial court then placed him on probation for three years with various conditions, including one prohibiting him from "us[ing], consum[ing] or possess[ing] any non-prescribed or illegal substances, including medical marijuana, unless specifically authorized by the Court."

## II.
### DISCUSSION

Navarro claims that the challenged condition is unconstitutionally vague because the term "substances" can be interpreted to mean substances other than drugs, and the term "non-prescribed" is ambiguous as to whether it includes over-the-counter medications.[3]  Although he did not object to the condition below, Navarro may raise this claim on appeal because it presents a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 884.)  For the reasons we shall explain, we conclude that the term substances is sufficiently clear, but the term non-prescribed is not.

The vagueness doctrine is concerned with whether a probation condition is sufficiently clear and understandable.  (*In re Sheena K., supra,* 40 Cal.4th at p. 890.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness."  (*Ibid.*)  "[T]he underpinning

[1] Navarro was charged under Health and Safety Code sections 11377, subdivision (a) (possession of methamphetamine) and 11364 (possession of smoking device), and Penal Code section 148, subdivision (a)(1) (resisting, obstructing, or delaying a peace officer).

[2] Navarro later sought resentencing on the felony charge under Proposition 47, and it was reduced to a misdemeanor.  (Pen. Code, § 1170.18.)

[3] In his opening brief, Navarro argued that the condition should be modified to require that he "knowingly" consume, use, or possess the substances and asserted the condition improperly required the trial court's authorization of any use of medical marijuana.  He later abandoned these two arguments.

of a vagueness challenge is the due process concept of 'fair warning,' [which] 'prevent[s] arbitrary law enforcement and provid[es] adequate notice to potential offenders.' " (*Ibid.*) A probation condition is unconstitutionally vague if " ' "[persons] of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*Ibid.*)

### A. The Condition's Use of the Word Substances Is Sufficiently Precise.

Navarro first contends that the condition is unconstitutionally vague because the term "substances" is imprecise. We disagree.

Although the term substances may have various meanings, "[a] probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) Within the challenged condition, the term substances is preceded by the modifying terms "non-prescribed or illegal." These modifiers establish that the word substances as used in the condition refers only to things that can be illegal, prescribed, or non-prescribed. Thus, the most reasonable interpretation is that the term refers to drugs. Indeed, both parties concede that the condition was meant to prohibit the use of any non-prescribed or illegal drugs, not just any substances that may be deemed illegal in some circumstances.

Moreover, as the Attorney General points out, Navarro pleaded no contest to drug-related offenses and specifically agreed to "probation 'with drug terms.' " This context further supports the conclusion that the word substances is limited to drugs. (*In re Sheena K., supra*, 40 Cal.4th at p. 890, italics in original [holding that probation conditions must be " 'applied in a specific *context*' "].) Therefore, the use of the term does not render the challenged condition vague.

### B. The Condition's Use of the Word Non-prescribed Is Vague.

Navarro next argues that the condition's use of the term "non-prescribed" to modify substances is ambiguous and confusing because it suggests the challenged condition prohibits the use or possession of over-the-counter medications, such as aspirin, which the parties agree are not covered. We agree and conclude that the condition must therefore be modified.

3

The Attorney General initially argues that Navarro's claim confuses overbreadth and vagueness. We disagree. The claim here is not that the condition goes too far by prohibiting activity that should arguably be permissible, i.e., possessing or using over-the-counter medications, but is instead that it is unclear whether the condition even encompasses that activity. " '[O]verbreadth involves the scope of a directive while vagueness involves its clarity.' " (*People v. Contreras* (2015) 237 Cal.App.4th 868, 884.) If the condition here stated, "Do not use, possess, or consume any non-prescribed substances, including over-the-counter medications," the condition might be overbroad, but it would not be vague because it would clearly encompass over-the-counter drugs. (See *In re Sheena K., supra*, 40 Cal.4th at p. 890 [requiring probation conditions impinging on constitutional rights to be closely tailored to achieve legitimate purpose].) Here, the condition as imposed does not raise the concern that it goes too far by prohibiting over-the-counter medications, but instead raises the concern of whether over-the-counter medications are prohibited at all. Thus, it raises vagueness, not overbreadth, concerns.

We therefore turn to the merits of Navarro's vagueness argument, and we agree that nothing in the condition limits its prohibition to using, consuming, or possessing only prescription drugs. The term non-prescribed refers to any drug that is not prescribed, and over-the-counter medications are drugs that are not prescribed.

We cannot accept the Attorney General's argument that a person of common intelligence would necessarily understand that the condition permits using, consuming, or possessing over-the-counter medications. Navarro's agreement to "probation w/ drug terms" does not obviously limit the condition to prescription-only medications. And over-the-counter medications can be abused just like prescription medications and other drugs. A trial court could reasonably impose a probation condition prohibiting a probationer, who has pleaded guilty to drug charges, from possessing or using at least some over-the-counter medications. Since the condition's wording here encompasses all drugs—both those that require a prescription and those that do not—the condition is

4

ambiguous and must be modified to reflect the parties' agreement that it does not encompass over-the-counter medications.

## III.
### DISPOSITION

The challenged probation condition is modified to read, "Do not use, consume, or possess any illegal substances, prescribed substances for which you do not have a valid and current prescription, or medical marijuana, unless specifically authorized by the Court." As so modified, the judgment is affirmed.

_____
Humes, P. J.

We concur:


_____
Dondero, J.


_____
Banke, J.


*People v. Navarro* (A143343)

6