Filed 11/3/15  P. v. Jackson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AVALON D. JACKSON,<br><br>    Defendant and Appellant. | B263162<br><br>(Los Angeles County<br>Super. Ct. No. GA039187) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Avalon D. Jackson, in pro. per.; and Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1982, Avalon Jackson was convicted of robbery, rape, and forcible rape in concert. (Pen. Code, §§ 211, 261, 264.1.)[1] In 1993, he was convicted of felony possession of a firearm by a felon. (Former § 12021.)

In 1999, Jackson was convicted of felony drug possession (Health & Saf. Code, § 11350) and given an indeterminate life sentence under the "Three Strikes" law (§§ 667, 1170.12).

Last year, Jackson petitioned for resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012. (§ 1170.126.) The trial court denied the petition because Jackson was ineligible for resentencing because he had suffered a prior disqualifying conviction, a ruling we affirmed. (*People v. Jackson* (May 8, 2015, B259996) [nonpub. opn.].)

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reduces certain nonserious and nonviolent crimes, such as low-level drug- and theft-related offenses, from felonies to misdemeanors. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.) A qualifying person serving a sentence for a felony that was reclassified under Proposition 47 may petition the trial court for a recall of sentence and request resentencing, which must be granted "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subds. (a)-(c).) As pertinent here, Proposition 47 amended Health and Safety Code section 11350 to reclassify certain controlled substance possession charges from felonies to misdemeanors. (Health & Saf. Code, § 11350, subd. (a).)

On March 5, 2015, Jackson filed a form petition for recall of his sentence, arguing his felony drug possession offense was reclassified as a misdemeanor by Proposition 47. The trial court denied the petition on the ground that Jackson had suffered a prior disqualifying conviction. Jackson filed a timely notice of appeal.

---

[1] Undesignated statutory references will be to the Penal Code.

We appointed counsel to represent Jackson on appeal, but after examination of the record counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On July 8, 2015, we informed Jackson he had 30 days to submit any contentions or issues he wished us to consider.  We also directed his appointed counsel to send the record and opening brief to him immediately.

Jackson filed a supplemental brief in which he argues that denial of resentencing without "some evidence" that he presents an unreasonable risk to the public safety violates his due process rights.  (See *In re Lawrence* (2008) 44 Cal.4th 1181, 1210 [parole may not be denied absent some evidence the inmate poses a current threat to public safety].)  Jackson argues he is eligible for resentencing because his 35-year-old convictions do not support the conclusion that he poses a present risk to public safety.

Resentencing under Proposition 47 is unavailable "to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 [certain serious or violent felonies] or for an offense requiring [sex offender] registration pursuant to subdivision (c) of Section 290."  (§ 1170.18, subd. (i).)  In 1982, Jackson was convicted of rape and rape in concert, both of which are disqualifying offenses.  (§ 290, subd. (c).)  Relief under Proposition 47 is therefore unavailable to him.

Jackson does not dispute that he suffered convictions for disqualifying offenses.  Instead, he argues resentencing pursuant to Proposition 47 is akin to parole, and just as due process requires that parole be granted absent a finding that the prisoner presents an unreasonable risk to public safety, due process requires that resentencing be granted absent the same finding.  The argument is without merit.

The Fifth and Fourteenth Amendments guarantee substantive due process by restricting government infringement upon certain liberty interests.  (*Reno v. Flores* (1993) 507 U.S. 292, 302.)  A substantive due process analysis "must begin with a careful description of the asserted right."  (*Ibid.*)

3

A prisoner has no right to a parole. (*In re Schoengarth* (1967) 66 Cal.2d 295, 300.)

But the Legislature has granted prisoners the right to *apply* for parole (§ 3000), and to have their applications evaluated by the Board of Parole Hearings and possibly granted (§§ 3040, 5075, subd. (a)). Acting on these rights, the doctrine of substantive due process requires that a prisoner's application for parole be "duly considered" based upon an individualized examination of all relevant factors. (*In re Schoengarth*, *supra*, 66 Cal.2d at p. 300; see *In re Minnis* (1972) 7 Cal.3d 639, 645-646.) Due consideration of all relevant factors must include examination of "whether the inmate currently poses a threat to public safety." (*In re Lawrence*, *supra*, 44 Cal.4th at p. 1210.)

A prisoner likewise has no right to resentencing, but the electorate has granted some prisoners the right to apply for it. (§ 1170.18.)

However, this right does not extend to prisoners convicted of rape. (§ 1170.18, subd. (i).) On the contrary, the stated purpose of the voters in enacting Proposition 47 was to "[e]nsure that people convicted of . . . rape . . . will *not* benefit" from resentencing. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70, italics added.) Because the right to resentencing does not exist for these prisoners, the Fifth and Fourteenth Amendments do not apply.

Nor does the electorate's decision to deny resentencing rights to prisoners convicted of rape violate due process. Due process is satisfied when a rational relationship exists "between the objectives of a legislative enactment and the methods chosen to achieve those objectives." (*Cal. Rifle & Pistol Ass'n v. City of W. Hollywood* (1998) 66 Cal.App.4th 1302, 1330; see *Reno v. Flores*, *supra*, 507 U.S. at p. 302.) Here, the stated objective of the voters in enacting Proposition 47 was "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to . . . . ensure[] that sentences for people convicted of dangerous crimes like rape . . . are not changed." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) These objectives are directly and therefore rationally

4

served by denial of resentencing to prisoners convicted of rape or serious felonies.  Due process is therefore satisfied.

We have otherwise examined the entire record and conclude Jackson's counsel complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende*, *supra*, 25 Cal.3d at page 441.  No arguable issues exist.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.