Filed 3/23/16  P. v. Jones CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B267321 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA101232) |
| v. | |
| JAMAL A. JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jesse I. Rodriguez, Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On February 12, 2015, Jamal Jones, who had suffered prior convictions for rape and burglary, cut into four soft-top cars and took items from inside them. He pleaded no contest to four counts of burglary of a vehicle and was sentenced to four concurrent four-year prison terms. (Pen. Code, §§ 459, 461, 667.5, subd. (b).)

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reduces certain nonserious and nonviolent crimes, such as low-level drug- and theft-related offenses, from felonies to misdemeanors. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.) A qualifying person serving a sentence for a felony that was reclassified under Proposition 47 may petition the trial court for a recall of sentence and request resentencing, which must be granted "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Pen. Code, § 1170.18, subds. (a)-(c).) As pertinent here, Proposition 47 permits a felon serving a sentence for second degree burglary of a commercial establishment—shoplifting—to petition the court for resentencing as a misdemeanant if the value of the property taken was $950 or less. (Pen Code, § 459.5.)

On July 21, 2015, Jones filed a petition to recall his sentence arguing his burglary offense was reclassified as a misdemeanor by Proposition 47. The trial court denied the petition on the ground that auto burglary was not reclassified by Proposition 47. Jones filed a timely notice of appeal.

We appointed counsel to represent Jones on appeal, but after examination of the record counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On January 11, 2016, we informed Jones he had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to him immediately. We have received no response.

We have otherwise examined the entire record and conclude Jones's counsel complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende*, *supra*, 25 Cal.3d at page 441. No arguable issues exist.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

LUI, J.

3