Filed 6/30/16  P. v. Rodriguez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042534 |
| Plaintiff and Respondent, | (Monterey County<br>Super. Ct. No. SS150810A) |
| v. | |
| CRISTINA ZAMBRANO RODRIGUEZ, | |
| Defendant and Appellant. | |

Defendant Cristina Zambrano Rodriguez led police on a two-county high speed chase on U.S. Highway 101 and through the streets of Salinas.  She pleaded no contest to evading a peace officer.  The trial court suspended imposition of sentence and granted a three-year term of probation.  The trial court imposed two probation conditions, among others, requiring that Rodriguez:  (1) not have access to, use, or possess any police scanner or surveillance equipment; and (2) not obtain any new tattoos.

Rodriguez challenges the first condition as unconstitutionally vague and overbroad on the ground that it fails to provide her with adequate notice of what devices are prohibited.  She challenges the second condition as overbroad in violation of her constitutional rights to freedom of expression and association.  The Attorney General concedes that both conditions should be modified and requests modifications to cure

them.  We will accept the Attorney General's concessions and modify the conditions as requested.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offense*[1]

On May 17, 2015, Gilroy police officers engaged Rodriguez in a high speed chase at 80 to 95 miles per hour on southbound U.S. Highway 101.  Monterey County Highway Patrol officers joined the pursuit.  When she reached Salinas, Rodriguez exited the highway and drove on the wrong side of the road in a continued attempt to evade police.  After several turns leading into a residential area, Rodriguez pulled into an apartment complex and stopped the car.  She and her passenger jumped out and attempted to run away.  Salinas police officers arrested both parties.

A records check showed the car had been reported stolen out of Bakersfield.  Police determined Rodriguez and her passenger also had been involved in a hit and run while driving the same vehicle in Santa Clara County.  A search of the car yielded two bindles of methamphetamine weighing a total of two grams.

B. *Procedural Background*

The prosecution charged Rodriguez by felony complaint with four counts:  Count One—Evading a peace officer in a willful disregard for safety (Veh. Code, § 2800.2, subd. (a)); Count Two—Evading a peace officer in a direction opposite to traffic (Veh. Code, § 2800.4); Count Three—Resisting arrest (Pen. Code, § 148, subd. (a)(1)); and Count Four—Possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).

The parties reached a plea agreement whereby Rodriguez pleaded no contest to Count One in exchange for felony probation and dismissal of the remaining counts.  The

---

[1] Our statement of the facts is based on the probation report.

2

trial court suspended imposition of sentence and granted a three-year period of probation, including the condition that Rodriguez serve 210 days in county jail.

Among other probation conditions, the court imposed two conditions requiring that Rodriguez: (1) "Not have access to, use, or possess any police scanner device or surveillance equipment on [her] person, vehicle, place of residence, or personal effects," and (2) "[N]ot obtain any new tattooing upon [her] person while on probation supervision" and "permit photographing of any tattoos on [her] person by law enforcement." Rodriguez objected to these and several other conditions on the ground that they lacked any nexus to the offense. The trial court overruled the objection and found the conditions reasonably related to Rodriguez's future criminality. The trial court noted Rodriguez had admitted to her probation officer that she associated with Sureño gang members and was a "validated gang member" in Santa Clara County.

## II. DISCUSSION

A. *Prohibition on Use or Possession of a Police Scanner or Surveillance Equipment*

Rodriguez challenges the probation condition prohibiting her from using, possessing, or having access to "any police scanner device or surveillance equipment" as unconstitutionally vague and overbroad. She contends this language fails to provide her with adequate notice of what items or devices are prohibited. The Attorney General responds that the condition would be valid if modified to clarify what types of devices are prohibited. Rodriguez filed no reply brief addressing or opposing the requested modification.

This court recently considered a similar condition in *People v. Contreras* (2015) 237 Cal.App.4th 868 (*Contreras*). We found the condition vague and overbroad because "[t]he rapid changes and innovations in technology, particularly those involving tablet computers, smart phones, digital cameras, and other electronic devices, as well as the 'apps' or applications created for such devices, make it difficult to formulate a condition

3

that encompasses all of the possible devices that could be used to monitor law enforcement and probation activities." (*Id.* at p. 888.) We concluded the defect could be cured by "listing 'police scanners' and 'surveillance equipment' as examples of prohibited items, and then describing the functions of the prohibited items or devices the trial court sought to curtail." (*Ibid.*)

In light of *Contreras*, the Attorney General requests that we modify the condition to require that Rodriguez not have access to, use, or possess any device which enables monitoring of law enforcement or probation officers. The Attorney General also agrees with *Contreras* that the language requiring Rodriguez not to possess the prohibited devices on her "person, vehicle, place of residence, or personal effects" is unnecessary. We accept the Attorney General's requests, and we will modify the condition consistent with *Contreras*.

B. *Prohibition on Obtaining New Tattoos*

Rodriguez challenges the probation condition prohibiting her from obtaining new tattoos as overbroad in violation of her constitutional rights to freedom of expression and association.[2] The Attorney General contends the condition would be valid if modified to require Rodriguez to seek permission from her probation officer before obtaining new tattoos.

"Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379, quoting *People v. Lent* (1975) 15 Cal.3d 481, 486.) Furthermore, "[a] probation condition that imposes limitations on a person's

---

[2] Rodriguez does not challenge that part of the condition requiring her to permit law enforcement to photograph her tattoos.

constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

Noting defendant's admitted gang associations, the trial court ruled that the prohibition on new tattoos was reasonably related to preventing future criminality. Rodriguez acknowledges that some tattoos could be related to gang activity, but she points out that many kinds of tattoos may be completely innocuous. She contends the condition should be narrowed to prohibit only tattoos related to gang affiliation. The Attorney General argues that requiring permission from the probation officer before obtaining new tattoos would be more appropriate since Rodriguez could inadvertently obtain a tattoo with surreptitious gang connotations.

We agree with the Attorney General. Prevention of future criminality would be best served if the probation officer can exercise his or her informed judgment in determining whether a given tattoo is innocuous. Accordingly, we will modify the condition to require written permission from the probation officer. With this modification, we conclude the condition does not impermissibly infringe upon defendant's constitutional rights.

## III.   DISPOSITION

The probation condition prohibiting police scanners and surveillance equipment is modified as follows: "The probationer shall not have access to, use, or possess any device such as police scanners or surveillance equipment that could be used to electronically monitor law enforcement or probation activities." The probation condition prohibiting new tattoos is modified as follows: "The probationer shall not obtain any

5

new tattooing upon her person while on probation supervision without the prior written permission of her probation officer, and she shall permit photographing of any tattoos on her person by law enforcement." As so modified, the judgment is affirmed.

_____
WALSH, J. [*]

WE CONCUR:

_____
RUSHING, P.J.

_____
PREMO, J.

*People v. Rodriguez*
**H042534**

_____

[*]Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.