Filed 2/2/24  P. v. Ross CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081673 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE406629) |
| MARIEESE ANTOINE ROSS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Remanded with directions and affirmed in all other respects.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Vincent LaPietra and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Marieese Antoine Ross appeals from the criminal protective order entered against him, claiming one of its terms is inconsistent with the trial court's oral pronouncement of his sentence.  Ross requests we correct the error or alternatively remand for the limited purpose of correcting it.  The Attorney General concedes the ambiguity but claims it should be redressed on limited remand.  We find this matter appropriately resolved by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847) and remand solely to clarify whether term number 10 of the criminal protective order applies to Ross.

We agree with the parties that there is an ambiguity between the criminal protective order, issued on Judicial Council Form CR-160, and the trial court's oral pronouncement at Ross' sentencing.  Term numbers 7 through 10 presumptively apply.  However, term number 10, which restricts a defendant from obtaining "the addresses or locations of protected persons or their family members," does *not* apply if a checkbox is marked showing the court finds "good cause" not to impose it.

GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT

7. must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.

8. **must not own, possess, buy or try to buy, receive or try to receive, or otherwise obtain a firearm or ammunition. The defendant must surrender to local law enforcement, or sell to or store with a licensed gun dealer any firearm owned by the defendant or subject to his or her immediate possession or control within 24 hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.**

   ☐ The court finds good cause to believe that the defendant has a firearm within his or her immediate possession or control and sets a review hearing for *(date):* _____ to ascertain whether the defendant has complied with the firearm relinquishment requirements of Code Civ. Proc., § 527.9. (Cal. Rules of Court, rule 4.700.)

   ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code Civ. Proc., § 527.9(f). The defendant is not required to relinquish this firearm *(specify make, model, and serial number of firearm):*

9. must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.

10. must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise. ☐ The court finds good cause not to make the order in item 10.

At Ross' sentencing, the trial court orally read term numbers 7 through 9 into the record.  The court did not read term number 10 into the record,

2

suggesting it did not intend to impose it; however, as shown above, the checkbox for term number 10 on the issued criminal protective order is unmarked. Thus, the oral pronouncement and the protective order appear to conflict.

Generally, the oral pronouncement of a sentence controls when it conflicts with the written record. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Conflicting records should be harmonized if possible (*People v. Harrison* (2005) 35 Cal.4th 208, 226), but if they cannot be, the circumstances of the case determine which prevails. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 880.)

Here, the trial court was aware that Ross and the protected person were living together, recently engaged, and raising four children. Thus, imposing term number 10 appears inconsistent with the circumstances known to the court at sentencing. We decline, however, Ross' invitation to directly correct this apparent discrepancy. On this record, we cannot definitively determine the court's intention as to term number 10. In matters where the trial court's intention is ambiguous, we do not substitute our judgment for the trial court's. (See *People v. Price* (2004) 120 Cal.App.4th 224, 243). Accordingly, whether term number 10 applies to Ross is best decided by the trial court on remand.

## DISPOSITION

We remand this matter for the limited purpose of clarifying whether term number 10 of the Judicial Council Form CR-160 criminal protective order, executed on February 3, 2023, applies to Ross. In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:

IRION, Acting P. J.

DO, J.

4