Filed 11/15/24  P. v. Orlop CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>VERNE RAYMOND ORLOP, JR.,<br><br>     Defendant and Appellant. | D083740<br><br><br><br>(Super. Ct. No. INF1500310) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with instructions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, and Anne Spitzberg, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Verne Raymond Orlop, Jr., appeals an order denying him resentencing under Penal Code,[1] section 1172.75. Because the trial court's ruling was based on an erroneous interpretation of section 1172.75, we reverse and remand for full resentencing.

In 2017, a jury convicted Orlop of first degree murder and found true an allegation that he personally used a deadly weapon (knife) in the commission of the offense (§§ 187 & 12022, subd. (b)(1)). In a bench trial, the court found true allegations that Orlop had a strike prior (§ 667, subd. (b)–(i)), a serious felony prior conviction (§ 667, subd. (a)(1)), and a prison prior (§ 667.5, subd. (b)). The court sentenced Orlop to a term of 50 years to life plus five years for the serious felony prior and one year for the knife-use enhancement. The court imposed but struck the punishment for the prison prior.[2]

Effective January 1, 2022, section 1172.75 was added to the Penal Code by virtue of the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.). (Stats. 2021, ch. 728, § 3.) With one exception not applicable here, section 1172.75 provides that prison prior enhancements "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b) are "legally invalid." (§ 1172.75, subd. (a).) It directs the Department of Corrections (CDCR) to identify those persons in custody "currently serving a term for a

---

[1] Further undesignated statutory references are to the Penal Code.

[2] As requested by the People, we grant judicial notice of the record from Orlop's direct appeal (*People v. Orlop* (Jul. 25, 2019, D075133) [nonpub opn.]). We also take judicial notice of our prior nonpublished opinions regarding this matter: *People v. Orlop*, (Jul. 25, 2019, D075133) [nonpub. opn.] and *People v. Orlop* (Mar. 2, 2023, D080897) [nonpub. opn.].

judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement" unless the court finds a lesser sentence would endanger public safety. (*Id.*, subd. (d).)

The CDCR identified Orlop as a person currently serving a prison term that included an enhancement imposed pursuant to section 667.5, subdivision (b). After appointing counsel to represent Orlop, the court held a hearing on December 28, 2023 to consider resentencing. The court denied resentencing stating Orlop was ineligible for relief under the statute. Appellant appealed.

The issue presented in Orlop's appeal is whether the trial court erred in its interpretation of section 1172.75. He contends it did, and that the statute affords relief to all defendants whose sentences include a prior prison term enhancement, whether it was imposed and executed, stayed, or struck. The People contend the court did not err, because section 1172.75 applies only to those defendants whose prior prison term enhancements were imposed and executed and does not apply where an enhancement was struck. On our de novo review of this issue (*People v. Lewis* (2021) 11 Cal.5th 952, 961), and consistent with this court's prior decisions on the issue, we agree with Orlop. Accordingly, we will reverse the order and remand for full resentencing.

The proper interpretation of section 1172.75 in this context has been the subject of conflicting published appellate opinions, and our Supreme

3

Court has granted review to resolve the conflict. (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283; *People v. Rhodius* (2023) 97 Cal.App.5th 38, 43–48 review granted Feb. 21, 2024, S283169 (*Rhodius*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 311–316, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*).)

In *Renteria*, the trial court declined to apply section 1172.75 to the defendant's prior prison term enhancements on the ground that the word "imposed" as used in subdivision (a) of section 1172.75 did not include enhancements that were stayed. (*Renteria, supra*, 96 Cal.App.5th at p. 1282.) The Sixth Appellate District reversed, concluding the term " 'imposed' " includes " 'enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*." ' " (*Ibid*.)

In *Rhodius*, a different division of our court reached the opposite conclusion, relying heavily on *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*), in which the California Supreme Court interpreted the word "imposed" as used in section 12022.53, subdivision (f), to mean imposed and executed. The *Rhodius* court observed subdivision (d)(1) of section 1172.75 requires the trial court to impose a "lesser sentence than the one originally imposed," and reasoned the only way the enhancement could affect the length of a sentence is if it had been imposed and executed. (*Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, review granted.) It also found the legislative history of section 1172.75 demonstrates "a clear presupposition by the Legislature of an imposed and executed sentence" (*Rhodius*, at p. 47),

4

including a legislative analysis that found sentencing enhancements " 'put significant financial burdens on taxpayers and families statewide.' " (*Ibid.*)

This court, in *Christianson*, rejected a narrow interpretation of section 1172.75 and held that section 1172.75 applies to cases in which the inmate's abstract of judgment includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed. (*Christianson, supra*, 97 Cal.App.5th at p. 305, review granted.) Although we considered the word "imposed" in section 1172.75, subdivision (a) to be "at least somewhat ambiguous," we concluded that in the context of the statutory scheme, stated legislative intent, and statutory history, "imposed" was not "limited to enhancements that were imposed *and executed.*" (*Christianson*, at p. 311.) We observed that subdivision (a) of section 1172.75 requires the CDCR to identify all inmates " 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a),' " and that a judgment "may include a sentence that has been imposed but suspended or stayed." (*Christianson*, at p. 311.) We found it illogical that the Legislature would require the CDCR to identify a larger class of inmates based on the abstract of judgment, only to have the trial court "then look at the same abstracts of judgment available to the CDCR to determine whether" the enhancements had been stayed. (*Id.* at p. 312.)

We also disagreed that if the statute were interpreted to encompass stayed enhancements, this would create a conflict with subdivision (d)(1) of section 1172.75. We explained that when a punishment is stayed, "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s]," and that "removal of the stayed enhancement" therefore "provide[s] some relief to the defendant by eliminating that potential." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.) And while in

*Gonzalez*, *supra*, 43 Cal.4th at page 1126, the California Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed, we did not find *Gonzalez* to be controlling.  In our view, the high court had interpreted "imposed" in the context of a statute intended to ensure longer sentences for felons who use firearms, whereas section 1172.75 was "expressly aimed at *reducing* sentences[.]" (*Christianson*, at p. 314.)  And we found the legislative history to be consistent with our reading of section 1172.75.  (*Christianson*, at p. 316.)

In *Saldana*, the Third Appellate District similarly concluded that section 1172.75 broadly affords full resentencing relief to all defendants with a now-invalid section 667.5, subdivision (b) enhancement.  In doing so, it relied on reasoning from *Christianson*, and disagreed with the *Rhodius* court's view that defendants whose sentences include stayed enhancements would not be subject to a lesser sentence if the trial court simply strikes the invalid enhancement rather than resentences the defendant.  (*Saldana*, *supra*, 97 Cal.App.5th at pp. 1277, 1278, review granted.)  The Fifth Appellate District in *Mayberry* and the Sixth Appellate District in *Espino* also agreed with *Christianson*.  (*Mayberry*, *supra*, 102 Cal.App.5th at p. 675, review granted; *Espino*, *supra*, 104 Cal.App.5th at pp. 194–201, review granted.)

The *Espino* court followed the weight of authority interpreting section 1172.75, subdivision (a), and concluded the term "imposed" should be interpreted according to its ordinary meaning and therefore applies "whenever a prison prior is included in a judgment, whether punishment for it was executed, stayed, or *struck*." (*Espino*, *supra*, 104 Cal.App.5th at pp. 194, 196, italics added.)  The court rejected a contention by a dissenting justice that enhancements where punishment is stricken adds nothing to the

sentence imposed. The court concluded, " '[t]he fact of the enhancement . . . remain[s]' and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions" or other impacts that may not have been considered.[3] (*Id.* at p. 201.) Finally, cognizant of the rule of lenity, the *Espino* court determined that the term "impose" should be interpreted in its ordinary meaning to give a defendant the benefit of any reasonable doubt. (*Ibid.*)

Orlop asks us to interpret section 1172.75 as we did in *Christianson* and as the court did in *Espino* to include all cases in which the trial court imposed a prior prison term as a part of the original judgment. The People ask us to follow *Rhodius* rather than *Christianson*, and to hold that section 1172.75 does not apply to an imposed section 667.5, subdivision (b) enhancement that is either stayed or stricken.

We decline the People's request. "We see no good reason to reject the weight of authority interpreting section 1172.75" including our own decision in *Christianson*. (*Espino*, *supra*, 104 Cal.App.5th at p. 196.) "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.) *Christianson* is a decision of this appellate division, and the People have not provided us with a compelling reason for reconsidering it. Although they assert that *Rhodius* is the "better-reasoned analysis," we were aware of *Rhodius* when we decided *Christianson* and we expressly disagreed with the *Rhodius* court's

---

[3]    The trial court in this case noted a potential equal protection issue if section 1172.75 could be applied to terms that are stayed and not to terms that are stricken.

interpretation of section 1172.75. (See *Christianson, supra*, 97 Cal.App.5th at p. 316, fn. 8, review granted.)

The People also contend Orlop is ineligible for relief because the trial court struck the prison prior enhancement at initial sentencing so that it was never "imposed." Orlop disagrees and contends the record shows the court imposed the prison prior enhancement and only struck the punishment for the enhancement.

Generally, the oral pronouncement of a sentence controls when it conflicts with the written record. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186.) Conflicting records should be harmonized if possible (*People v. Harrison* (2005) 35 Cal.4th 208, 226), but if they cannot be, the circumstances of the case determine which prevails. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 880.) In matters where the trial court's intention is ambiguous, we do not substitute our judgment for the trial court's. (See *People v. Price* (2004) 120 Cal.App.4th 224, 243).

The sentencing court in this case found the prison prior allegation true. In announcing the tentative sentence, the court outlined the sentence term calculation, which included doubling the statutory term based on the previous strike, an additional year for the knife enhancement, and five years for the serious felony prior (§ 667, subd. (a).) The court then said, "The [section] 667.5 would add three years to his term. I intend to strike that." When the court imposed the final sentence, it stated, "The [section] 667.5, as I said, is three years, but it's stricken because it arises from the same conviction as the [section] 667[, subdivision] (a) and the strike." The court minutes state the court struck the "time (punishment) imposed on prior(s)." The abstract of judgment also reflects the punishment was struck for the section 667.5 enhancement.

8

The court's oral pronouncement does not clearly indicate the court struck the entire prison prior enhancement as opposed to striking only the punishment for that enhancement. Orlop's position that the court intended to strike the punishment for the enhancement best harmonizes the reporter's transcript with the minute order and the abstract. As Orlop explains, the sentencing court discussed striking "that" or "it" in the context of adding punishment time to the sentence. Therefore, we conclude the sentencing court imposed the prison prior, but struck the punishment.

Accordingly, we adopt the reasoning and holding of *Christianson* and *Espino* and conclude that section 1172.75 affords relief to defendants like Orlop whose abstracts of judgment include one or more section 667.5, subdivision (b) enhancements that were imposed but were stricken. Orlop is therefore entitled to a recall of his sentence and full resentencing upon remand, including the application of "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).)

## DISPOSITION

The order denying Orlop resentencing is reversed and the matter is remanded to the trial court with instructions to recall Orlop's sentence and to resentence him consistent with section 1172.75 and current law.


IRION, Acting P. J.

WE CONCUR:


DO, J.


CASTILLO, J.

10