Filed 7/9/25  P. v. Jones CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074846 |
| v. | (Super.Ct.No. FSB18003148) |
| DAVID PIERRE JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed in part; reversed in part with directions.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Charles C. Ragland, Assistant Attorneys General, Eric A. Swenson, Jennifer B. Truong, Marvin E. Mizell and Tyler L. Krentz, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant and appellant David Pierre Jones was convicted of committing three one-strike offenses (Pen. Code, § 667.61),[1] and other crimes, when he was 19 years old in 2018. He was sentenced to 105 years to life for his one strike offenses and enhancements, plus a determinate term of 32 years four months for his other crimes and enhancements.

Defendant appealed, arguing that section 3051, subdivision (h) (section 3051(h)) is facially unconstitutional because it violates the state and federal equal protection rights of all young adult one strike offenders. In our initial opinion, we concluded that section 3051(h) is constitutional and affirmed the judgment. The Supreme Court granted a petition for review and ultimately reached the same conclusion regarding the constitutionality of section 3051(h) in *People v. Williams* (2024) 17 Cal.5th 99, 136 (*Williams*). However, it transferred the cause back to this court with directions to permit the parties to address defendant's potential entitlement to the benefit of ameliorative legislation that became effective while review was pending. We vacated our initial opinion and permitted the parties to file supplemental briefing.

In his supplemental brief, defendant contends that reversal is required because: (1) there was a violation of the Racial Justice Act (§ 745, subd. (a); (RJA)) at the time of his trial; (2) he is entitled to the benefit of amendments to section 1170, subdivision (b), limiting the trial court's discretion to impose an upper term sentence; (3) the trial court

---

[1] Undesignated statutory references are to the Penal Code.

2

erred to the extent it relied on the residual clause of rule 4.421(c) of the Rules of Court to find aggravating circumstances warranting an upper term sentence; and (4) he is entitled to the benefit of amendments to section 1170, subdivision (b), providing for the low term as the presumptive term of imprisonment under the circumstances presented in this case.

In light of our Supreme Court's decision in *Williams*, we reaffirm our previous conclusion that section 3051(h) does not violate the equal protection clauses of the state or federal constitutions. However, we agree that defendant is entitled to resentencing as a result of the amendment to section 1170, subdivision (b), limiting the trial court's discretion to impose an upper term sentence. Because this conclusion requires reversal of the judgment and remand for further proceedings, it is unnecessary to address the merits of defendant's additional arguments, as he will have the opportunity to raise the remaining issues for the trial court's consideration upon remand.

## II. FACTS AND PROCEDURE[2]

A. *Prosecution Evidence*

On August 6, 2018, Defendant entered a check cashing business in Ontario and robbed two of its employees of around $1,200, while pointing a gun at them. Later that day, defendant visited a massage parlor in Colton. After he was taken into a massage room, defendant demanded money, at gunpoint, from two of the massage parlor's employees, Doe 1 and Doe 2. The three of them then went to the employee waiting

---

**2** We only briefly summarize the evidence underlying Jones's convictions, given that the evidence is immaterial to his facial constitutional challenge to section 3051(h).

3

room, where Doe 1 and Doe 2 gave defendant several hundred dollars. Defendant dropped a bullet from a semiautomatic firearm on the floor of the waiting room.

While in the hallway next to the massage rooms, defendant attempted to rape Doe 2 and forced Doe 2 to orally copulate him. He then forced Doe 2 into one of the massage rooms, where he raped Doe 2, then raped Doe 1. He was holding the gun the entire time.

B. *Defense Evidence*

Defendant testified that he committed the four robberies, but he claimed that he used a toy airsoft pistol in the robberies. He also claimed that his sex acts with Doe 1 and Doe 2 were consensual. He testified that Doe 2 offered him "two free dates" or "two free sexual intercourses"—with herself and Doe 1—in exchange for his agreeing not to take any *more* money from Doe 1 and Doe 2, and he accepted the offer.

C. *Jones's Convictions and Sentence*

A jury convicted defendant of four counts of second degree robbery (§ 211, counts 1-4), attempted forcible rape (§§ 664, subd. (a), 261, subd. (a)(2); count 5), forcible oral copulation (§ 287, subd. (c)(2)(A); count 6), and two counts of forcible rape (§ 261, subd. (a)(2); counts 7 & 8). The jury found that defendant personally used a firearm in each count. (§ 12022.53, subd. (b).)

In counts 6, 7, and 8, the jury found four one-strike allegations true: (1) defendant kidnapped the victims, causing movement that substantially increased the risk of harm to the victims over and above the risk inherent in the offense (§ 667.61, subd. (d)(2)); (2) defendant kidnapped the victims (§ 667.61, subd. (e)(1)); (3) defendant personally

4

used a firearm in each count (§ 667.61, subd. (e)(3)); and (4) defendant committed the offenses against more than one victim (§ 667.61, subd. (e)(4)).

Defendant was sentenced in February 2020 to a determinate term of 32 years four months on his convictions and firearm enhancements in counts 1 through 5, plus an indeterminate term of 105 years to life on his one strike convictions and firearm enhancements in counts 6, 7, and 8 (three consecutive 25-year-to-life terms, plus three consecutive 10-year terms for the firearm enhancements). The determinate term included the imposition of the upper term on count 1 (§ 213, subd. (a)(2)). In selecting the upper term, the trial court expressly relied on the following circumstances in aggravation: (1) defendant suffered a prior juvenile adjudication for grant theft auto; (2) the current offense involved acts of great violence and threat of harm displaying a high degree of callousness, viciousness, and cruelty; (3) defendant did not display remorse for his commission of the current offense; (4) defendant did not display any concern for his victims; and (5) defendant's conduct in the commission of the current offense showed he represented a serious danger to society. The trial court also expressed its intent to sentence defendant to the maximum sentence permissible under the law and that it would decline to exercise any available discretion to show leniency.[3]

---

[3] Specifically, the trial court stated: "it is the Court's intent to impose the maximum sentence. I do not find it appropriate to exercise any current discretion available to strike any portion of the sentence and would not strike any portion if discretion subsequently becomes available."

## III.  DISCUSSION

### A.  *Equal Protection Claim*

Initially, we briefly address defendant's original argument that section 3051(h) represents an unconstitutional violation of his right to equal protection under the state and federal constitutions.  While we disagreed with this argument in our original opinion, that opinion was vacated to permit the parties to submit supplemental briefing on additional issues.  Because our Supreme Court has since definitively addressed defendant's equal protection argument in *Williams*, concluding that the provisions of section 3051(h) that defendant challenges on appeal do not violate equal protection under either the state or federal constitutions (*Williams*, *supra*, 17 Cal.5th at pp. 136-137), we no longer need to address defendant's arguments in detail.  Instead, we simply reaffirm our prior conclusion that defendant's constitutional challenge to section 3051(h) is not grounds for reversal of the judgment in this case.

### B.  *Amendments to Section 1170*

In supplemental briefing, defendant contends that his sentence on count 1 must be vacated in light of amendments made to section 1170, subdivision (b), which now requires (1) that most circumstances in aggravation be found true beyond a reasonable doubt before the trial court may rely on those circumstances to impose an upper term sentence (§ 1170, subds. (b)(1), (b)(2)), and (2) that the trial court apply a presumptive lower term sentence upon a specified factual showing (§ 1170, subd. (b)(6)).  We agree that the amendments to section 1170 require defendant's sentence be vacated and the matter remanded for resentencing.

6

When defendant was sentenced in 2020, former section 1170 provided the trial court broad discretion to impose a sentence that, in its judgment, served the interest of justice by selecting among three statutorily specified terms. (*People v. Lynch* (2024) 16 Cal.5th 730, 773.) However, while defendant's appeal was pending, the Legislature amended section 1170 to place limits on the trial court's discretion in selecting among the statutorily specified terms. (§ 1170, subds. (b)(1), (b)(2), (b)(6).) As amended, the statute generally provides for the middle term of imprisonment as the presumptive sentence. (*Ibid.*) And a trial court may impose an upper term sentence "only when there are circumstances in aggravation of the crime" and "the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Ibid.*) Additionally, section 1170, subdivision (b)(6), provides that the lower term be considered the presumptive sentence where a defendant proves by a preponderance of the evidence that specified factors such as the defendant's youth, prior abuse, or childhood trauma contributed to the commission of the offense. (§ 1170, subd. (b)(6).)

Our Supreme Court has explained that a trial court's reliance on unproven aggravating factors to impose an upper term sentence constitutes error requiring reversal "unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Lynch*, *supra*, 16 Cal.5th at p. 768.) Here, defendant was sentenced to the upper term of five years on count 1. In making this decision, the

trial court expressly relied upon multiple aggravating factors, and the People concede that the record is insufficient for us to conclude beyond a reasonable doubt that a jury would have found true all of the factors relied upon by the trial court.  We agree and, as a result, defendant's sentence must be vacated and defendant is entitled to a remand for resentencing.  (*Lynch*, at p. 768.)

Despite the People's concession that resentencing is required as a result of the amendments to section 1170, subdivision (b), the People argue that the scope of resentencing should be limited upon remand to preclude the trial court's consideration of whether defendant is entitled to a presumptive lower term sentence pursuant to section 1170, subdivision (b)(6).  We disagree.

Our Supreme Court has explained that "when a court has not exercised its informed discretion, remand is the default 'unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 431.)  And it is true that the trial court expressly stated at the time of sentencing that it was disinclined to exercise any discretion to lower defendant's sentence, even if such discretion was available.  However, the amendment to section 1170, subdivision (b)(6), "dramatically restrains [the trial court's] discretion to impose the middle or upper term, now *requiring* the court to impose the lower term if a qualifying trauma [or youth] was a contributing factor in the commission of the offense 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term be contrary to the interests of justice.' " (*Salazar*, at p. 426.)  Because the statute imposes new

8

limitations on the scope of the trial court's discretion, our Supreme Court has explained that statements revealing an intent to impose a harsh sentence when applied to other discretionary sentencing statutes reveal very little about whether the trial court would impose the same sentence if it was required to apply the provisions of section 1170, subdivision (b)(6). (*Id.* at pp. 426-432.)

Further, "[a] trial court's decision whether to apply [section 1170, subdivision (b)(6)] depends on both factual determinations and the exercise of discretion" (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1044); and, certain facts, if found true, will operate to constrain the scope of the trial court's discretion (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 204-205; § 1170, subd. (b)(6)). Thus, the fact that the trial court expressed an intent to exercise its discretion to impose the maximum sentence permitted by law, the maximum sentence that the trial court has discretion to impose cannot be ascertained where the factual findings required under section 1170, subdivision (b)(6), have not been made. And it is not our role to make the necessary factual findings in the first instance. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 893 ["Appellate courts do not make factual findings; we review ' "the correctness of a judgment [or order] as of the time of its rendition." ' "].) Instead, we conclude that at the time of resentencing, defendant should have the opportunity to fully develop the evidentiary record, make arguments directed toward the appropriate statutory criteria, and obtain factual findings on whether he is entitled to a presumptive lower term under section 1170, subdivision (b)(6).

C. *We Need Not Decide the Remaining Issues Raised in Defendant's Supplemental Brief*

Because we have concluded that the judgment must be vacated and the matter remanded for a full resentencing, it is unnecessary for us to reach the merits of defendant's remaining claims.

Generally, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) As commonly applied, "the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant" (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425) and "may involve the trial court's revisiting such decisions as the selection of a principal term, whether to stay a sentence, whether to impose an upper, middle, or lower term, and whether to impose concurrent or consecutive sentences" (*People v. Jones* (2022) 79 Cal.App.5th 37, 46).

In light of the full resentencing rule, we agree with the People that it is unnecessary for us to address defendant's arguments regarding the constitutionality of the residual clause set forth in Rules of Court, rule 4.421(c), which provides that the trial court may consider "any other factors statutorily declared to be circumstances in aggravation or that reasonably relate to the defendant or the circumstance sunder which the crime was committed" as a circumstance in aggravation. (Rules of Court, rule 4.421(c).) It is possible that upon remand, rule 4.421(c) proves irrelevant to the trial court's exercise of its sentencing discretion and, therefore, any opinion on this matter would be premature and advisory. (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1083;

*People v. Buza* (2018) 4 Cal.5th 658, 693 [Courts should abide by a " ' "cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more." ' "].)

Additionally, because defendant's sentence must be reversed for sentencing error, it is unnecessary for us to reach the merits of defendant's RJA claim in this appeal. " 'The Legislature enacted the [RJA] with the express intent "to eliminate racial bias from California's criminal justice system" and "to ensure that race plays no role at all in seeking or obtaining convictions or in sentencing." ' " (*Sanchez v. Superior Court* (2024) 106 Cal.App.5th 617, 628.) The statue prohibits the state from seeking or obtaining a criminal conviction or seeking, obtaining, or imposing a sentence on the basis of race, ethnicity or national origin. (§ 745, subd. (a).) And prior to entry of judgment, the statute provides " 'a comprehensive procedure for making and adjudicating a section 745 motion at the trial level.' " (*People v. Howard* (2024) 104 Cal.App.5th 625, 657; § 745, subd. (c).) Thus, where a judgment is reversed on appeal for independent reasons, an appellate court need not address the merits of an RJA claim because the defendant "may on remand raise his . . . RJA claim to the trial court, should he choose to do so." (*Id.* at p. 658.)

Given our conclusion that defendant's sentence must be reversed, we believe it is the better course to permit defendant the opportunity to raise his RJA claim with the trial

11

court in the first instance and develop a full record on the matter[4] instead of addressing the merits for the first time on appeal.  We express no opinion as to whether defendant is entitled to relief under the RJA or what remedy might be appropriate if defendant ultimately proves any alleged violation.

## IV.  DISPOSITION

Defendant's convictions are affirmed; his sentence is vacated, and the matter remanded for a full resentencing in which the trial court may reconsider every aspect of defendant's sentence.  On remand, the trial court shall have discretion to (1) grant the People the opportunity to try any circumstances in aggravation in a bifurcated proceeding pursuant to the amended version of section 1170, subdivision (b), now in effect, and (2) grant defendant an opportunity to prove any mitigating circumstances under the statute, such as the potential applicability of section 1170, subdivision (b)(6).  Upon remand, defendant may also file a motion for relief under section 745, should he choose to do so.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

---

[4] While a party is permitted to raise an RJA claim for the first time on appeal for claims based on the trial record (§ 745, subd. (b)), a motion brought before the trial court potentially provides the parties with a more robust opportunity to develop a record on the issue with a full evidentiary hearing in an adversarial context (§ 745, subd. (c)).  In fact, the statute specifically contemplates that even when an RJA claim is raised after entry of judgment, it may be more advantageous to stay an appeal and remand the issue to the trial court to consider an RJA motion in the first instance.  (§7 45, subd. (b))

12

FIELDS _____
J.

We concur:


CODRINGTON _____
                Acting P. J.


_____ RAPHAEL
                J.